EDWARD J. RUSSELL *vs.* JOHN F. GANNON.

SCHOOL COMMITTEE OF PITTSFIELD *vs.* SAME.

Berkshire.    September 20, 1932. — January 4, 1933.

Present: RUGG, C.J., CROSBY, DONAHUE, & LUMMUS, JJ.

*School and School Committee.*

Under the provisions of G. L. (Ter. Ed.) c. 71, and particularly of §§ 37, 38, 59, the final powers as to management of public schools in a municipality lie in the school committee, even in cases where they must first seek the advice of the superintendent of schools.

A vote of the school committee of Pittsfield that the office of assistant superintendent of schools be created, and their election of a certain teacher in the high school to that office, were controlling; and, even if the committee sought advice of the superintendent of schools as to whom they should elect as assistant superintendent, they were not bound to follow the advice and the superintendent was bound to recognize as assistant superintendent the person whom they chose.

Two PETITIONS, filed in the Supreme Judicial Court for the county of Berkshire on September 26, 1931, for writs of mandamus, and described in the opinion.

The petitions were heard by *Wait*, J., upon agreed statements of facts. Material facts are stated in the opinion. In the first case, the petitioner asked for the following rulings:

"1. Upon all the evidence the writ should issue as prayed for.

"2. A school committee can by a majority vote create the position of assistant superintendent of schools.

"3. The school committee may by a majority vote assign to the position of assistant superintendent of schools a person already on the teaching force of the public schools without the school committee having requested or received from the superintendent of schools any recommendation of a person to fill that position.

"4. The school committee may by a majority vote assign to the position of assistant superintendent of schools a person already on the teaching force of the public schools but not recommended by the superintendent, after the committee has requested a recommendation from the superintendent of schools and the superintendent, in response to that request, has recommended another person to that position."

The single justice gave the rulings numbered 1, 2 and 4, and denied that numbered 3.

The single justice ordered the writ to issue in the first case and dismissed the petition in the second case on the grounds stated in *Sevigny* v. *Russell*, 260 Mass. 294.

The petitioner in the first case alleged an exception to the refusal to give the request numbered 3; and the respondent alleged an exception to the giving of the rulings numbered 1, 2 and 4.

The petitioner in the second case alleged exceptions.

The cases were submitted on briefs.

*J. F. Noxon, Jr.,* for the petitioners.

*F. M. McMahon,* City Solicitor, for the respondent.

RUGG, C.J.   We deal first with the case of Russell *v.* Gannon.   This petition for a writ of mandamus is brought to compel the respondent as superintendent of schools of Pittsfield to recognize the petitioner as assistant superintendent of schools.   The relevant facts are that the school committee in 1931 voted that the office of assistant superintendent of schools be created and that the petitioner, then a teacher in the high school, be assigned to that office.   Thereafter the school committee requested the respondent to recommend some one to be assistant superintendent of schools.   He recommended some one other than the petitioner.   The school committee rejected the person so recommended and again elected the petitioner.   The single justice ruled as requested by the petitioner that the school committee had power to create the position of assistant superintendent of schools by majority vote, and to assign to such position a person already on the teaching force not recommended by the superintendent after the latter had recommended another person, and ordered the writ to issue.   The exceptions of the respondent bring the case here.

The dominating characteristic of the statutes relating to public schools is that the school committee of the several cities and towns (in the absence of some special provision) "shall have general charge of all the public schools" and "shall elect and contract with the teachers of the public schools."   G. L. (Ter. Ed.) c. 71, §§ 37, 38.   It is provided also by G. L. (Ter. Ed.) c. 71, § 59, that the school committee of a city such as Pittsfield "shall employ a superintendent of schools and fix his compensation.   A superintendent employed under this section . . . shall be the executive officer of the committee, and under its general direction, shall have the care and supervision of the public schools, shall assist it in keeping its records and accounts and in making such reports as are required by law, and

shall recommend to the committee teachers, textbooks, and courses of study." It is plain from these three sections and from the general tenor of said c. 71 that the Legislature has placed the final power as to the management of schools in the school committee. While the school committee may always seek the superintendent's advice, and in some instances must have it, as precedent to action, *Duffey* v. *School Committee of Hopkinton*, 236 Mass. 5, still the power rests with the school committee. There is nothing in the statutes or in the customs as to the conduct of public schools that requires the action of the school committee to be controlled by the opinion of the superintendent. Although his duties are highly important, they do not with respect to essential features of school management override the authority of the school committee. *Boody* v. *School Committee of Barnstable*, 276 Mass. 134. *Sheldon* v. *School Committee of Hopedale*, 276 Mass. 230, 235. If in a city like Pittsfield the school committee decides that an assistant superintendent of schools is necessary for the economical and efficient administration of the public schools, it has the power to create such a position. If it be assumed, but without so deciding, that in electing an assistant superintendent of schools the advice of the superintendent must first be sought, that was done in the case at bar and there is nothing in the law which requires the school committee to adopt the recommendation of the superintendent. Naturally his advice will be given consideration, but the ultimate responsibility and the finality as to choice rest with the school committee. It may act on its own sound judgment as to what is required by the public welfare, and contrary to advice from any source, even from the superintendent of schools. It is still the master and not the servant. This conclusion is in harmony with the body of statutes governing the public school system of the Commonwealth and with the uniform current of judicial decisions. *Leonard* v. *School Committee of Springfield*, 241 Mass. 325, and cases collected at page 330. *Decatur* v. *Auditor of Peabody*, 251 Mass. 82, 88. *Sheldon* v. *School Committee of Hopedale*, 276 Mass. 230, 235, 236,

and cases cited. *Paquette* v. *Fall River*, 278 Mass. 172, 174. To adopt the contention of the respondent would be subversive of the principles there established.

In the case of School Committee of Pittsfield *v.* Gannon the decision was against the petitioner and it excepted to the rulings leading to that result. The school committee expressly waives its exceptions in view of the decision in the case of Russell *v.* Gannon. In Russell *v.* Gannon the entry may be exceptions overruled. In School Committee of Pittsfield *v.* Gannon the entry may be exceptions waived.

*So ordered.*