JOHN W. McDEVITT *vs.* SCHOOL COMMITTEE OF THE CITY OF MALDEN.

Suffolk.   May 17, 1937. — September 16, 1937.

Present: RUGG, C.J., CROSBY, DONAHUE, LUMMUS, & QUA, JJ.

*School and School Committee.*

A principal of a public school is merely a school teacher entrusted with special duties of direction or management.

A vote of a school committee to advance a teacher on tenure to the rank of principal, effective as of a future date and with an increase of salary, could be revoked before that date.

A vote of a school committee taken in good faith was not rendered invalid because grounded upon an erroneous belief of the committee.

A revocation by a school committee, before its effective date, of a previous vote to advance a teacher on tenure to the rank of principal with an increase of salary was not a reduction of salary in violation of G. L. (Ter. Ed.) c. 71, § 43.

PETITION for a writ of mandamus, filed in the Supreme Judicial Court for the county of Suffolk on March 12, 1936.

The case was heard upon an auditor's report by *Donahue,* J., who found the facts to be as stated in that report and reported the case, without decision, to the full court for determination.

The case was submitted on briefs.

*M. R. Flynn,* for the petitioner.

*B. Kaplan,* for the School Committee of Malden.

*J. F. Neal,* for the respondent Minich.

*L. E. Boutwell & M. L. Brown,* for the respondent Hammond and another.

QUA, J.   The petitioner had been elected and had served for three successive school years as a teacher in the public schools of Malden and was therefore serving at discretion under G. L. (Ter. Ed.) c. 71, § 41.   On December 17, 1935, the school committee elected the petitioner as "Principal of the Lincoln Junior High School and Lincoln Elementary

School to begin work on January 10, 1936." It was also voted that his salary "be fixed at $3,000 for the Lincoln Junior High and $300 for the Lincoln Elementary School." On January 6, 1936, after a city election had brought about a change in the personnel of the board, the new board voted that "the Superintendent be instructed not to recognize" the vote of December 17, "inasmuch as it does not conform with Section 59, Chapter 71 of the General Laws of Massachusetts and that the position be declared vacant." That section provides that superintendents of schools "shall recommend to the committee teachers, textbooks, and courses of study." The auditor has found that both votes of the committee were taken in good faith. His subsidiary findings are not inconsistent with this conclusion. *Sweeney* v. *School Committee of Revere*, 249 Mass. 525, 530. The petitioner now seeks to compel recognition of himself as principal of the Lincoln Junior High School with the salary for that office voted to him on December 17.

The school committee had "general charge of all the public schools." G. L. (Ter. Ed.) c. 71, § 37. This section has been construed broadly. *Hammond* v. *Hyde Park*, 195 Mass. 29, 30. *Leonard* v. *School Committee of Springfield*, 241 Mass. 325. *Russell* v. *Gannon*, 281 Mass. 398. The general managerial powers of the committee continued to exist after the election of the petitioner on December 17. Those powers included the power to change by a majority vote the duties of teachers on tenure at discretion and to assign them to new duties, or to continue them in their existing duties, or to return them to duties formerly performed, although such teachers cannot be dismissed from the teaching force without compliance with G. L. (Ter. Ed.) c. 71, § 42, as amended by St. 1934, c. 123. And a principal is merely a teacher who is entrusted with special duties of direction or management. *Boody* v. *School Committee of Barnstable*, 276 Mass. 134. The second vote of the committee on January 6, 1936, did not dismiss the petitioner from the teaching force. It did no more than revoke the vote of December 17, 1935, which in any event by its terms was not to go into practical effect until January

10 and which therefore never became effective at all. The purpose and result of the second vote were merely to continue the petitioner as a teacher in the performance of the same duties which he performed before December 17. It was within the power of the committee to do this. The petitioner has in fact continued to perform those duties and to receive his salary therefor. This is not like cases where an officer is elected to a particular office with permanently fixed duties for an established term.

Even if a majority of the committee were mistaken in their belief that the vote in December electing the petitioner as principal was invalid because the superintendent had not recommended the petitioner under G. L. (Ter. Ed.) c. 71, § 59, or because the superintendent had not nominated the petitioner as it is contended that a rule of the committee required, that belief is not shown to have been the dominating reason for the vote of January 6. On the contrary it is found that the majority of the committee as constituted in January believed that the petitioner was not qualified for the position and that he had been elected without proper consideration. Furthermore, it is difficult to see how erroneous beliefs as to law or fact can vitiate a vote passed in legal manner and within the power of the governing board. *Peabody* v. *School Committee of Boston*, 115 Mass. 383, 387. *General Outdoor Advertising Co. Inc.* v. *Department of Public Works*, 289 Mass. 149, 195.

The petitioner further contends that he has been deprived without his consent of his increase in salary under the December vote in violation of G. L. (Ter. Ed.) c. 71, § 43. But it is apparent that the vote did not establish an increased salary for the petitioner apart from the new duties as principal which it was then intended that he should undertake. He never performed or became entitled to perform those duties or to receive the salary conditioned upon his becoming the principal of the school. It was not the intent of the statute to protect a "salary" the right to which never became vested, but which rested wholly in anticipation. We have dealt with this point without considering whether it can properly be raised in this form of

proceeding. *City Council of Newburyport* v. *Mayor of New-buryport*, 241 Mass., 575. *Police Commissioner of Boston* v. *Boston*, 279 Mass. 577, 581.

<div align="right">

*Petition dismissed.*