PAUL B. CRUDDEN *vs.* SUPERINTENDENT OF SCHOOLS OF BOSTON.

Suffolk.    May 10, 1946. — June 4, 1946.

Present: FIELD, C.J., LUMMUS, DOLAN, RONAN, & WILKINS, JJ.

*School and School Committee.   Boston.*

The duty of a superintendent of schools to recommend teachers under G. L. (Ter. Ed.) c. 71, § 59, is owed to the school committee and not to an applicant for a position in the school system.

The superintendent of schools of Boston could not be compelled to recommend a person for appointment as a head master in accordance with a rule of the school committee that the appointee should be one of the first three names on a certain "eligible list," where such a list had been compiled but had not been approved by a board having the duty of establishing it or by the superintendent or by the school committee.

PETITION, filed in the Superior Court on September 21, 1945.

The case was reported by *Baker,* J.  It appeared that among rules "adopted by the school committee of Boston in force at all material times" were the following: "Section 70.3.  The board of superintendents shall establish rated lists for promotion within the service as may be required by the superintendent, and shall determine the eligibility of candidates for rating on these lists."  "Section 277.1.

Promotions to the rank of master, day intermediate and day elementary schools, shall be made from the first three names heading the eligible list established by the board of superintendents. 2. Promotions of other teachers and members of the supervising staff shall be made in the order of merit as determined by quality, character, and length of service."

*R. C. Evarts*, for the petitioner.

*R. G. Dodge*, (*T. M. Banks, Jr.*, with him,) for the respondent.

RONAN, J.   This is a petition for a writ of mandamus brought by a teacher in the public schools of Boston against the respondent, the superintendent of schools of said city, alleging that the petitioner has been rated "number 3" on a list prepared in accordance with the rules of the school committee for the rating of teachers for promotion to the position of head master of Latin, day high and clerical schools, and that the respondent has refused to recommend the acceptance of said list by the school committee or to submit any recommendations for promotion to said positions, and seeking to compel the respondent "to make recommendations to the school committee for promotion to the positions of head masters . . . in accordance with the list." The petition was submitted upon the pleadings and a case stated to a judge of the Superior Court who, without making a decision, reported the case to this court.

The question presented by a report in this form is whether the writ ought to issue as matter of law. No exercise of discretion is involved. *Lowry* v. *Commissioner of Agriculture*, 302 Mass. 111. *Attorney General* v. *Secretary of the Commonwealth*, 306 Mass. 25.

It is unnecessary to determine whether the petitioner has any standing to maintain the petition because, if we assume that he has a right to do so, we are of opinion that he cannot prevail. *Mayor of Lynn* v. *Commissioner of Civil Service*, 269 Mass. 410. *Codman* v. *Assessors of Westwood*, 309 Mass. 433.

The school committee of Boston is entrusted with the supervision and control of the public schools and "shall

have the powers and discharge the duties which may here-after be imposed by law upon the school committees of cities and towns." St. 1875, c. 241, § 5, as amended by St. 1933, c. 121, § 2. The petitioner accordingly contends that the respondent is required by G. L. (Ter. Ed.) c. 71, § 59, to "recommend to the committee teachers, textbooks, and courses of study." If we assume in favor of the petitioner that this statute is applicable, it is plain that the purpose of the statute is to enable the committee to secure the aid and advice of the superintendent, who may be presumed to possess more than ordinary knowledge and judgment concerning the ability and competency of teachers, before it appoints a teacher. The duty of the respondent to make any recommendation with reference to teachers is owed to the committee and not to any particular person who may be seeking a position in the school system. So far as appears by the record, the committee has not requested the respondent to recommend any teacher for the position of head master. It is true that a vacancy in the position of head master exists, but it does not appear that the committee presently contemplates filling this vacancy. It may be that the committee is satisfied to have that situation continue until it is deemed expedient to make an appointment. Any recommendation that the respondent might make, even where the submission of a recommendation is required as in proceedings to remove a teacher, would be merely advisory. The giving of the recommendation would not impose any obligation upon the committee to adopt it. *Duffey* v. *School Committee of Hopkinton*, 236 Mass. 5. *Russell* v. *Gannon*, 281 Mass. 398.

When the time arrives for the appointment of a head master, the selection shall be made in accordance with the rules of the school committee. The practice has been to fill the vacancy by the first name on the list. It is the duty of this board, which is composed of the superintendent and the six assistant superintendents, to create such a list, and not that of the superintendent alone. Although he may require this board to make such a list, he cannot interfere in any way with the full exercise by the board

of the independent and impartial judgment of its members. The board, for reasons which it considered sufficient, refused to approve the list prepared in accordance with the plan of rating previously adopted by the school committee, and voted "that Block V., Teaching Ability, be revised." The rating for teaching ability was made by two assistant superintendents who were appointed by the respondent for this purpose. They visited the schools and observed the candidates conducting classes. The maximum credit attainable for teaching ability was two hundred points. There was a wide variance between the rating given by each examiner to these candidates. One of the examiners wrote the respondent, before the board had declined to accept the list, that there was such a great difference in the rating with reference to teaching ability and in some "instances so great a variation from the 1942 rankings as almost, in my opinion, to challenge the competency of the entire rating plan and to shatter the confidence of the candidates in this plan." The respondent stated as his reasons for refusing to approve this list that he knew all the candidates on this list either personally or by their records, that he noticed the great disparity between the marks given by the two examiners, which resulted in substantially influencing the final ranking which varied widely from the comparable marks in previous years, and that the list did not bring to the top the teachers who were best qualified for the position of head master. The petitioner does not controvert the existence of these reasons, nor contend that they were insufficient to support the action of the respondent. He does, however, contend that, as the list had been compiled in accordance with the rules and rating plan of the committee, the respondent was without power to decline to approve it or to refuse to recommend one of the three top names on that list. The respondent informed the committee that he did not recommend the list and suggested "a rerating of block five 'teaching ability.'" The committee has not taken any action on this list, and no rated list for promotion to the position of head master has been established. In the

absence of a list no appointment can be made for head master in accordance with the rules of the committee. The respondent cannot be compelled to make a recommendation of any of the first three names appearing upon a rating list that has never been approved by the board of superintendents, the respondent or the school committee. *Taylor* v. *McPheters,* 111 Mass. 351. *Alger* v. *Seaver,* 138 Mass. 331. *Massachusetts Agricultural College* v. *Marden,* 156 Mass. 150. *Hartigan* v. *Civil Service Commissioners,* 252 Mass. 323. *Liberty Mutual Ins. Co.* v. *Acting Commissioner of Insurance,* 265 Mass. 23. *Eastern Massachusetts Street Railway* v. *Mayor of Fall River,* 308 Mass. 232. *Stretch* v. *Timilty,* 309 Mass. 267.

*Petition dismissed.*