JOHN J. KELLEY vs. SCHOOL COMMITTEE OF WATERTOWN
& another.

Middlesex.    January 5, 1953. — April 8, 1953.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & SPALDING, JJ.

*School and School Committee.    Administrative Matter.    Mandamus.*

One who had served less than three full years as submaster of a senior
high school of a town was not entitled to "tack" to such service a
period of service some years previously as submaster of a junior high
school of the town and was subject to demotion from the position of
submaster of the senior high school without compliance by the school
committee with the requirements of G. L. (Ter. Ed.) c. 71, § 42A,
inserted by St. 1945, c. 330. [152–153]

Action by the school committee of a town purporting to abolish the
position of submaster of the senior high school, to assign the incumbent
submaster as a teacher at another school, to create the position of
dean of boys and assistant to the headmaster, and to appoint another
person to the new position could not be invalidated in a judicial pro-
ceeding by the incumbent submaster where it appeared that he had
served in that position less than three years and was subject to demo-
tion therefrom without compliance by the school committee with the
requirements of G. L. (Ter. Ed.) c. 71, § 42A, inserted by St. 1945,
c. 330, even though in fact the school committee's action was a sub-
terfuge not making any real change in the position and was taken in
bad faith for the purpose of substituting the other person for the
incumbent submaster. [153–154]

Under G. L. (Ter. Ed.) c. 249, § 5, as amended, damages cannot be re-
covered in a mandamus proceeding where the petitioner does not
prevail in the matter of the issuance of the writ. [154]

PETITION, filed in the Superior Court on September 28,
1951.

The case was heard by *Morton*, J.

*Walter F. Henneberry*, (*Arthur L. Brown* with him,) for
the petitioner.

*Earle S. Tyler*, Town Counsel, for the respondents.

QUA, C.J.    This is a petition for a writ of mandamus
against the school committee and the superintendent of
schools of Watertown to secure restoration of the petitioner

Kelley v. School Committee of Watertown.

to the position of submaster[1] in the Senior High School and incidental relief. The trial judge dismissed the petition as matter of law, and the petitioner appeals. The evidence is not reported.

On September 17, 1951, the school committee, by a majority and without previous notice to the petitioner, voted "to abolish the positions of sub master and master's assistant" at Senior High School, "to establish the position of Dean of Boys and Assistant to the Headmaster and the position of Dean of Girls," and to appoint one Ford to the position of dean of boys and assistant to the headmaster. Whether any appointment was made to the position of dean of girls does not appear. The petitioner was assigned as a teacher at the East Junior High School at a salary of $4,400, which was $800 less than he had been receiving as submaster in the Senior High School. When these votes were taken the petitioner had not served as submaster for three full years unless he could add a period some ten years before during which he had served as submaster at the East Junior High School before he came to the Senior High School as a teacher.

The trial judge found that the "reorganization" at the Senior High School was a subterfuge, and not bona fide; that the only result accomplished was to change the title of the position of submaster to that of dean of boys and assistant to the headmaster; that the positions were substantially, if not exactly, similar; that the purpose was to substitute Ford for the petitioner; and that the superintendent and the majority of the committee acted in bad faith. The judge ruled that the petitioner's service in the East Junior High School could not be "tacked" to that in the Senior High School; that he was "not on tenure as submaster"; and that bad faith did not invalidate the action of the school committee.

In our opinion these rulings were right.

[1] The wording of some parts of the record seems to indicate that the correct title of the position held by the petitioner was "sub master and master's assistant," or possibly that two positions were combined in one. The exact designation of the position or positions held by the petitioner is immaterial.

It is not disputed that the petitioner was a teacher who had served "for the three previous consecutive school years," and who was therefore employed "at discretion" and could not be dismissed as a teacher without "a two thirds vote of the whole committee," notice of the intended vote, and an opportunity for a hearing, all as provided in G. L. (Ter. Ed.) c. 71, § 42, as amended. But he was not dismissed as a teacher at all. He was merely moved or demoted to a different position. The committee could do this, in the case of an ordinary teacher, without complying with the provisions of § 42. *Boody* v. *School Committee of Barnstable,* 276 Mass. 134. *McDevitt* v. *School Committee of Malden,* 298 Mass. 213, 214. *Downey* v. *School Committee of Lowell,* 305 Mass. 329, 331. *McCartin* v. *School Committee of Lowell,* 322 Mass. 624, 628.

But the petitioner contends that he was a "principal or supervisor who . . . [had] served in that position for over three years" and therefore could not be demoted, except for cause after notice and an opportunity for a hearing upon charges as provided in § 42A, inserted by St. 1945, c. 330. There may be a question whether the petitioner was a "principal or supervisor" within the meaning of this section; but passing this, we are of opinion that the reasonable construction of § 42A requires consecutive service for over three years, and that it was not intended, for example, that a teacher who early in his career had served for a time under the designation of principal in a small two room primary school could many years later after various promotions add that service to the time served as principal of a large and important high school and so possibly gain the special immunity of § 42A after only a few months of service in the latter capacity, before a school committee could form any adequate opinion of his ability to do the work of his new position. We reach this conclusion in spite of the fact that § 41, providing for the employment of teachers in general "on tenure," expressly mentions "the three previous consecutive school years," while § 42A says simply "for over three years." Principals and supervisors are expected to be per-

sons possessing special ability, experience, and fitness for positions of leadership in the school system. Those positions differ widely in nature, importance, and the qualities required to fill them successfully. The purpose of the three year requirement is doubtless to enable a school committee to ascertain whether their choice for principal or supervisor has proved a successful one. The "tacking," perhaps after an extended interval, of time served in positions similarly designated but perhaps altogether different in substance might seriously impair the usefulness of the three year provision.

The petitioner makes the still further contention that, since the removal of the petitioner by means of a subterfuge was in "bad faith," it was invalid even if the petitioner was not "on tenure" as a submaster. There is, however, no general rule that a court can sit in judgment on the motives of administrative officers, acting in purely administrative matters, and overturn action found to have been taken in "bad faith." The general rule is to the contrary. It is true that where a person has a statutory right to continue to hold an office or position and can be removed only upon prescribed conditions and has been deprived of his office or position through the action of a supervisory board in purporting to abolish the office or position, an issue may arise as to whether the board has in reality abolished the office or position or has merely violated the law through a false pretence of abolition. Such an issue may be called an issue of good or bad faith. This type of case was carefully considered in *Garvey* v. *Lowell*, 199 Mass. 47. See *Mayor of Somerville* v. *District Court of Somerville*, 317 Mass. 106, 120, 123. Of the school cases cited by the petitioner, *Sweeney* v. *School Committee of Revere*, 249 Mass. 525, *Toothaker* v. *School Committee of Rockland*, 256 Mass. 584, *Sheldon* v. *School Committee of Hopedale*, 276 Mass. 230, 236, and *Graves* v. *School Committee of Wellesley*, 299 Mass. 80, 85, are of this type. There are somewhat analogous cases, also cited by the petitioner, where the right of a child to attend school has been interfered with by the school

committee through an exclusion which is "unlawful" under G. L. (Ter. Ed.) c. 76, § 16. *Morrison* v. *Lawrence,* 181 Mass. 127, *S. C.* 186 Mass. 456. *Barnard* v. *Shelburne,* 216 Mass. 19, 22. *Carr* v. *Dighton,* 229 Mass. 304, 307. *Antell* v. *Stokes,* 287 Mass. 103, 107–108. These cases really rest upon a construction of the statute. There may possibly be other special instances not now in mind where good or bad faith on the part of a school committee may be considered by a court, and a few references can be found in the cases to "good faith," inserted perhaps for completeness in stating the facts or out of excess of caution without intending to imply that good or bad faith was a decisive factor in the decision. See, for example, *McDevitt* v. *School Committee of Malden,* 298 Mass. 213, 214. But since the petitioner in this case had no right to continue in the position of submaster, and the school committee had plenary power to change his duties, the general rule applies, and the case falls within the principle stated in *Downey* v. *School Committee of Lowell,* 305 Mass. 329, 332, "Where no law has been violated, and no statute has made good faith essential to valid action, acts of administrative officers cannot be attacked in judicial proceedings on the ground that in fact those officers were not governed by the highest standards of impartial and unselfish performance of public duty." *Gibney* v. *Mayor of Fall River,* 306 Mass. 561, 566. *Bushway-Whiting Ice Cream Co.* v. *Mayor of Somerville,* 308 Mass. 148, 151–152.

No argument has been addressed to us that the petitioner can recover as for a reduction of salary in violation of G. L. (Ter. Ed.) c. 71, § 43. See *McCartin* v. *School Committee of Lowell,* 322 Mass. 624, 628. And in any event there can be no recovery of damages in this proceeding, since the petitioner has not prevailed in the matter of the issuance of the writ. G. L. (Ter. Ed.) c. 249, § 5, as amended by St. 1949, c. 176. See *Lowry* v. *Commissioner of Agriculture,* 302 Mass. 111, 121–122; *McCartin* v. *School Committee of Lowell,* 322 Mass. 624, 627.

*Judgment affirmed.*