EDMUND H. POVEY & others *vs.* SCHOOL COMMITTEE OF MEDFORD & others.

Middlesex.   January 4, 1955. — July 8, 1955.

Present: QUA, C.J., WILKINS, SPALDING, & COUNIHAN, JJ.

*Declaratory Judgment. Equity Jurisdiction,* Declaratory relief, Taxable inhabitants' suit. *School and School Committee. Administrative Matter. Equity Pleading and Practice,* Parties, Declaratory proceeding.

A suit in equity by more than ten residents and taxpayers of a city for an interpretation of a rule of its school committee that the superintendent of schools should recommend principals, for a declaration as to the validity of a vote by the committee, alleged to have been adopted in bad faith, appointing as principal of a school a person other than the person recommended by the superintendent, and for a declaration as to the validity of the contract of the appointee, could not be maintained under either G. L. (Ter. Ed.) c. 231A, inserted by St. 1945, c. 582, § 1, or G. L. (Ter. Ed.) c. 40, § 53, or both together. [71–72]

Alleged bad faith on the part of a school committee in the appointment of a principal of a school, and failure of the committee to appoint another person recommended by the superintendent of schools, were inadequate grounds for adjudicating the appointment invalid. [72–73]

BILL IN EQUITY, filed in the Superior Court on June 11, 1953.

The suit was heard by *Kirk,* J., upon demurrers.

*Thomas F. Maher,* (*Lewis H. Peters* with him,) for the plaintiffs.

*Mark E. Gallagher, Jr.,* City Solicitor, (*A. Kenneth Carey* with him,) for the defendants.

QUA, C.J.   This case comes to us by appeal after the sustaining of demurrers and a decree dismissing the bill.

The material allegations of the bill are that the fifteen plaintiffs are residents and taxpayers in Medford, that the defendant Murphy is purporting to act as principal of the Hillside and Hervey schools; that the other defendants, except the city of Medford, are the members of the school

committee; that the superintendent in accordance with his duty under rules of the committee recommended one Innis to be principal of these two schools, but that a majority of the committee voted to appoint Murphy, a brother-in-law of one of them, to the vacancy; that Murphy had not had the proper experience and was not qualified; that the majority of the committee acted in bad faith; that the plaintiffs bring the bill to enforce the duty owed by the defendants to the city and the taxpayers and in their behalf and in behalf of the school children, contending that the vote of the majority of the committee was contrary to law, in bad faith and invalid; and that doubt and controversy exist as to the rules of the committee requiring the recommendation of the superintendent, and as to the validity of the vote purporting to elect Murphy, and as to his contract as principal.

The prayers are for interpretation of the rules, a binding interpretation of the duties of the committee, and a binding declaration as to the validity of the vote and contract, and for general relief.

The bill is drawn as one for a declaratory decree under G. L. (Ter. Ed.) c. 231A, § 1, inserted by St. 1945, c. 582, § 1, with perhaps some thought that it might be aided by the ten taxable inhabitants provisions of G. L. (Ter. Ed.) c. 40, § 53. It cannot stand on either statute or as the hybrid offspring of the two statutes.

The bill is not properly brought for a declaratory decree under G. L. (Ter. Ed.) c. 231A, § 1. That section requires that an "actual controversy" must have "arisen," and we think it requires that the plaintiff or plaintiffs must be in some manner parties to the "controversy." The taxpayer plaintiffs have no interest of their own in the subject matter of the bill. Taxpayers of a municipality cannot make themselves parties to the appointment of every officer or employee of the municipality and thus require the appointing officers to account for their acts to such taxpayers as may volunteer to bring suit. Such rights as taxpayers have are given to them by the express provisions of c. 40, § 53, and

must of course be exercised in the manner there provided. There is no reason to suppose that the Legislature intended that c. 231A relative to declaratory judgments or decrees should supersede the long established provisions of c. 40, § 53, and of the corresponding provisions of c. 29, § 63, inserted by St. 1937, c. 157, relating to illegal expenditures by the Commonwealth. The purpose of the declaratory judgment statute is to set at rest questions of doubt as to "right, duty, status and other legal relations." See *School Committee of Cambridge* v. *Superintendent of Schools of Cambridge*, 320 Mass. 516, 518; *Carlton Hotel, Inc.* v. *Abrams*, 322 Mass. 201, 202; *Kilroy* v. *O'Connor*, 324 Mass. 238, 240–241. The purpose of c. 40, § 53, is to restrain illegal expenditure. These two purposes may sometimes overlap, but the two statutes are not to be confused for that reason.

Moreover, it is required by c. 231A, § 8, that "all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding." If then these plaintiffs are proper parties to this proceeding why must not all other taxpayers who have the same rights as the plaintiffs be made parties? And if all others are not made parties why may not other taxpayers who are not bound by the present proceeding bring other and later suits in their respective rights? And if ten or more taxpayers have a right to sue for declaratory relief, why does not a single taxpayer have the same right? We cannot believe that the Legislature intended that public officers should be subject to harassment by taxpayers as to their official acts in this manner.

The bill cannot stand under c. 40, § 53. Passing over the fact that the only relief specifically prayed for is by interpretation and not by injunction, we note that the bill does not unequivocally allege that the appointment of Murphy was illegal. It does allege that it was "in violation of law" and "invalid" and then almost immediately alleges that there is doubt as to its validity and prays for a declaration. Furthermore, the only grounds alleged for invalidity are (1) bad

faith and (2) failure to follow the recommendation of the superintendent. Ground (1) is disposed of by *Dealtry* v. *Selectmen of Watertown,* 279 Mass. 22, 26–27, and *Kelley* v. *School Committee of Watertown,* 330 Mass. 150, 153–154. Ground (2) is disposed of by *Russell* v. *Gannon,* 281 Mass. 398, and *Crudden* v. *Superintendent of Schools of Boston,* 319 Mass. 686, 687–688.

Since the bill states no case for declaratory or other relief, there was no error in sustaining the demurrers. *Burnes* v. *Metropolitan District Commission,* 325 Mass. 731, 733, 735.

There was no error in the denial of the plaintiffs' motion to amend their bill. The proposed amendment would not have cured the difficulties. Moreover, this matter of the proposed amendment is not properly before us in any event, since there was no appeal from the order denying the amendment. An exception was taken, but there is no bill of exceptions. See *Hovhanesian* v. *New York Life Ins. Co.* 310 Mass. 626, 632.

For a similar reason the matter of the judge's denial of the plaintiffs' motion that he state reasons in accordance with c. 231A, § 3, for his refusal of declaratory relief is not before us. We do not mean to imply that a judge is required to state such reasons where he properly sustains a demurrer to the bill.

*Interlocutory and final decrees*
*appealed from affirmed.*