HENRY G. BERRY & others *vs.* CITY OF QUINCY & others. May 7, 1956. Interlocutory and final decrees affirmed. This is a bill for a declaratory decree under G. L. (Ter. Ed.) c. 231A, §§ 1 and 2, inserted by St. 1945, c. 582, § 1. It comes here upon an appeal from a final decree dismissing the bill after interlocutory decrees sustaining demurrers. The material allegations of the bill are that the four plaintiffs are citizens and taxpayers of Quincy and that they bring this bill in their own behalf and in behalf of others similarly interested. They allege that the defendant Strout is the holder of a permit to operate a motel on Hancock Street, Quincy, issued by the defendant health commissioner of Quincy. They further allege that this permit was illegally issued, that the motel will be detrimental to the public good, and that it will result in private damage to them as owners of property in the immediate neighborhood. The question raised by each of the demurrers is whether the bill discloses the existence of an actual controversy within the meaning of c. 231A, § 1. We are of opinion that it does not. This case, it seems to us, is controlled by what was said in *Povey* v. *School Committee of Medford*, 333 Mass. 70, 72, "We cannot believe that the Legislature intended that public officers should be subject to harassment by taxpayers as to their official acts in this manner." See *School Committee of Cambridge* v. *Superintendent of Schools of Cambridge*, 320 Mass. 516; *Kaplan* v. *Bowker*, 333 Mass. 455.
   *Ralph W. Sullivan*, (*James M. Malloy* with him,) for the plaintiffs.
   *John P. Flavin*, for the defendant Strout.
   *Douglas A. Randall*, Assistant City Solicitor, for the city of Quincy and others.

CHARLES O. CRISTY *vs.* PAUL C. RASMUSSEN. May 7, 1956. Decree affirmed with costs of appeal. To this bill in equity for an accounting the defendant demurred, two of the grounds being vagueness and failure to state a cause of action. On December 7, 1949, an interlocutory decree was entered sustaining the demurrer on those grounds, and according leave to amend. On December 27, 1949, the plaintiff filed a motion to amend, but, except for the placing of the case on the inactive list, nothing further occurred until April 11, 1955, when the motion was denied. On June 13, 1955, a final decree was entered dismissing the bill with costs. The plaintiff appealed. The only point argued is that the denial of the motion was an abuse of discretion. In accordance with the rule that the exercise of discretion is reviewable on appeal in equity, we have examined the question and have reached the conclusion that the plaintiff's contention is without merit. *Abbott* v. *Bean*, 285 Mass. 474, 478. *Long* v. *George*, 296 Mass. 574, 579. *Hill* v. *Trustees of Glenwood Cemetery*, 323 Mass. 388, 394.
   *William G. Todd*, (*Robert E. Kelley* with him,) for the defendant.
   *Cosimo J. Toscano & Harry Zarrow*, for the plaintiff, submitted a brief.