JAMES F. FITZGERALD *vs.* REGISTER OF DEEDS, SOUTHERN DISTRICT, MIDDLESEX REGISTRY OF DEEDS.

Middlesex.    February 3, 1965. — March 8, 1965.

Present: WILKINS, C.J., SPALDING, CUTTER, SPIEGEL, & REARDON, JJ.

*Registry of Deeds. Land Court,* Technical assistant, Assistant recorder. *Equity Jurisdiction,* Declaratory relief.

A register of deeds as assistant recorder of the Land Court for a registry district does not have the power to abolish the position of technical assistant therein established by G. L. c. 185, § 10A.    [695]

The incumbent of the position of technical assistant under G. L. c. 185, § 10A, in a Land Court registry district had standing to maintain a suit in equity against the register as assistant recorder for that district for a declaratory decree as to whether the defendant had power to abolish the plaintiff's position.    [695–696]

BILL IN EQUITY filed in the Superior Court on September 19, 1963.

The defendant appealed from an interlocutory decree by *Chmielinski, J.*, overruling a demurrer to the bill and from a final decree entered by *Fairhurst, J.*, after confirmation of a master's report.

*Harold Katz* (*Edwin C. Hamada* with him) for the defendant.

*Frederick J. Wheeler, Jr.* (*Edward J. Bushell* with him) for the plaintiff.

CUTTER, J. Mr. Fitzgerald seeks declaratory relief to determine whether the register, who is also assistant recorder of the Land Court (see G. L. [Ter. Ed.] c. 185, § 10), may abolish the position of technical assistant in the registered land section of the Middlesex registry of deeds, Southern District (the registry), established by G. L. c. 185, § 10A (as amended through St. 1953, c. 601).[1] The register appealed from an interlocutory decree overruling his demurrer. The case was referred to a master whose report was confirmed with minor modifications. A final decree, from which the register appealed, was entered declaring that the register (either as such or as assistant recorder of the Land Court) "is without authority to terminate the position of [t]echnical [a]ssistant." The facts are stated as found by the master.

Mr. Fitzgerald "has been employed in the Middlesex [r]egistry of [d]eeds and Land Court, Southern District, for 44 years." In December, 1952, he was appointed as technical assistant in the Land Court by the then register acting as assistant recorder. His appointment was ap-

---

[1] Section 10A, as thus amended, reads, "The assistant recorder in any registry district may, *with the approval of the judge*, appoint one or more technical assistants whose compensation shall be the same as that of the first assistant register of deeds for said registry district, except that the compensation of the technical assistant of the Middlesex registry of deeds ·in the southern district shall be the same as that of the technical assistant of the Suffolk registry of deeds. Said assistants shall perform such duties *as the court may from time to time assign to them*" (emphasis supplied). By c. 185, § 14, as amended through St. 1963, c. 742, § 1, the salaries of technical assistants "shall be paid by the respective counties."

proved by the Judge of the Land Court under § 10A (fn. 1). He "has competently performed all the duties incumbent upon him . . . as [t]echnical [a]ssistant, and is still serving . . . at the present time." On August 2, 1963, Mr. Fitzgerald received a letter from the register stating that he had "terminated the position of [t]echnical [a]ssistant at the . . . [r]egistry effective at the close of business . . . September 30, 1963." Following Mr. Fitzgerald's "appointment . . . he was classified as a county employee in a classification of G–57–3. . . . [T]hat classification . . . has never been revoked." The register, when he wrote his letter of August 2, 1963, in which he " 'terminated the position' . . . actually intended to abolish the position of [t]echnical [a]ssistant." The register never received permission from the Judge of the Land Court to terminate the position.

1. General Laws c. 185, § 10A, was first enacted by St. 1930, c. 418, § 3. The 1930 statute. (An Act providing for deputy recorders in the Land Court and technical assistants to the assistant recorders of said court) was based on 1930 House Bill No. 1421, which was substituted for 1930 Senate Bill No. 258. The legislation was initiated by the Fifth Report of the Judicial Council (November, 1929), Pub. Doc. No. 144, pp. 17–20,[2] which discussed at some

---

[2] As recommended, § 10A reads (Pub. Doc. No. 144, p. 20, draft statute, § 3), "The assistant recorder in any county may, with the approval of the judge of the land court, appoint one or more technical assistants whose compensation shall be fixed by the judge of said court subject to [the approval of the governor and council and paid by the commonwealth, and who] shall perform such duties as the court may from time to time direct." The Committee on the Judiciary (1930 Senate Bill No. 258) reported § 10A in this form. The House Committee on Bills in the Third Reading revised the bill (see 1930 House Bill No. 1421) to the form in which it was finally enacted. The only very important change (although there were other modifications) was to omit the words which we have bracketed in the foregoing quotation and to substitute the words "the provisions of sections forty-eight to fifty-six, inclusive, of chapter thirty-five. Said assistants." This effected a change in the source of payment of the salary of technical assistants, viz. by the county in accordance with G. L. c. 35, §§ 48–56, instead of by the Commonwealth. See now G. L. c. 185, § 14, referred to in fn. 1. With minor exceptions not here relevant (see St. 1931, c. 254, § 1, and c. 301, §§ 8, 9), G. L. c. 35, §§ 48–56 (dealing with the county personnel board and classification of county salaries, offices, and positions) read in 1930 as they appear in the Tercentenary Edition.

348 Mass. 690                                    693

Fitzgerald v. Register of Deeds, So. District, Middlesex Registry of Deeds.

length the "[p]roblem of [t]echnical [a]ssistance in [l]and [r]egistration." See *ibid.* pp. 41–42. The legislative history of the 1930 act shows that the Legislature essentially adopted the recommendations of the Judicial Council (except as to salary payment, see fn. 2). Accordingly, those recommendations are of great assistance in interpreting § 10A.

After pointing out (pp. 17–18) the highly technical and somewhat intricate nature of land registration proceedings and of subsequent dealings with registered land, the Judicial Council goes on to say (pp. 18–19), "The land remains under the jurisdiction of the court and every act of an assistant recorder is done under the direction or standing order of the court. After registration the Commonwealth is liable in damages to any person who, without negligence on his part, sustains . . . damage through any error . . . in any certificate of title. . . . It is usual in the larger districts for these assistant recorders to employ technical assistants who give their entire time to land registration matters. . . . The duties of the assistant recorders are highly technical and while doubtful questions may be referred to the court, yet because of the technical detail involved there may be delay as a result. It must be borne in mind that the registers . . . as a rule . . . have no technical training for their work as assistant recorders. The registers themselves are liable to the Commonwealth in case of any loss. This liability is a serious matter and tends to make the assistant recorders seek advice as to all matters." The remedy suggested by the Judicial Council is set out in the margin.[3]

---

[3] Paragraphs (3) and (4) of these recommendations read: "(3) . . . [T]he assistant recorders in some . . . larger districts employ special assistants who become trained in their work but these assistants are under the control of the registers and are in no way related to the Land Court, except as they perform work subject to orders or instructions therefrom. The Land Court has no power to determine the qualifications, the character of the service or the salary to be paid for these assistants. To a certain extent at least this is an anomaly in any court. The court should be able to *control* those who have to do with it. In some of the registries certificates of title have, through lack of technical assistance and for other reasons . . . [caused] com-

Examination of the recommendations makes it clear that by the 1930 statute the technical assistants, unlike ordinary employees in the registry of deeds, were intended to become essentially subordinate officers of the Land Court, designated with the approval of the judge by the register, not acting as register but in his other capacity as assistant recorder of the Land Court. See G. L. (Ter. Ed.) c. 185, § 10. In that capacity by § 10 the register is made "subject to the general direction of the recorder, in order to secure uniformity," and by § 11 (as amended through St. 1956, c. 519) he is required to "be sworn before the judge" of the Land Court and to give bond. The circumstances that, under § 10A, the technical assistants were to be appointed by the Land Court's chief administrative officer in the registry district, with the approval of the judge, carries out the objectives of the Judicial Council's recommendation that the appointments are to be "subject to the approval of the [c]ourt." The final sentence of § 10A (fn. 1) carries out the recommendation that such technical assistants be "subject to the direction of the [c]ourt." The whole recommendation contemplates that the technical assistants, once appointed, will be subject at all times to the Land Court's control and direction.

Some assistance in determining the nature of the position of the technical assistant may be found from an examination of the statutory provisions for his compensation. Under the 1930 statute, the salary was to be fixed "by the judge, subject to the provisions of" G. L. c. 35, §§ 48–56. Over the years this provision has been changed. By St. 1948, c. 664, § 3, the compensation of each technical as-

plaints . . . [by] conveyancers. The court has from time to time . . . [sent] the deputy recorder and the engineer of the court to the scene of the difficulty. But the system should be changed so that such situations would not develop. (4) There ought to be at least two deputy recorders who could give time . . . in the several registries . . . as their services may be needed. . . . [T]he necessary technical advice could be given to the assistant recorders . . . and to the trained assistants . . . where such are employed. These deputy recorders should be appointed by the court and subject to its direction. The technical assistants to the 'assistant recorders' in the various counties should be appointed by the 'assistant recorders' *subject to the approval of the [c]ourt and subject to the direction of the [c]ourt*" (emphasis supplied).

348 Mass. 690                                                           695

Fitzgerald v. Register of Deeds, So. District, Middlesex Registry of Deeds.

sistant was made "the same as that of the first assistant register of deeds for . . . [the] registry district," and by St. 1953, c. 601, the salary "of the technical assistant of the Middlesex registry of deeds in the southern district" was made "the same as that of the technical assistant of the Suffolk registry of deeds." The office now held by Mr. Fitzgerald is not one of the offices in terms exempted[4] from classification (under G. L. c. 35, § 49, as amended through St. 1963, c. 841, § 1) by the county personnel board created by G. L. c. 35, § 48 (as amended through St. 1963, c. 801, § 73).

The statutory provisions already mentioned, in the aggregate, indicate that the Legislature has treated the position now occupied by Mr. Fitzgerald as one created by statute. The Legislature also has left this position, to an extent which we need not now determine, in various respects subject to the provisions of G. L. c. 35, § 49, as amended, and statutory provisions thereto related. Cf. *Johnson* v. *District Atty. for the Northern Dist.* 342 Mass. 212, 214–215. In view of all the statutory provisions and the legislative history which we have discussed, we hold that the register is without power to abolish the position of technical assistant to the assistant recorder in the registry for the South District of Middlesex.

2. The register contends that Mr. Fitzgerald has no standing to raise the issues presented by his bill of complaint. The bill of complaint alleges that Mr. Fitzgerald was appointed technical assistant in December, 1952, with the approval of the Judge of the Land Court and that he has "performed all the duties" of that position "to date." Nothing in the record suggests that any successor to Mr.

---

[4] The technical assistant (although in most other registry districts his salary [see § 10A] is that of an assistant register) is not one of the "assistant registers of deeds for the southern district of Middlesex" (who are exempted from classification by § 49) but a professional employee operating in a technical field under the direction and control of the Land Court. The Legislature doubtless thought it appropriate to leave such an employee in the classified county service in view of the necessity of having the position filled by a competent and experienced person, who could carry out the orders of the court correctly and efficiently.

Fitzgerald had been appointed and has qualified, if, indeed, Mr. Fitzgerald can be removed without the approval of the Judge of the Land Court (a question not now before us). The allegations thus show Mr. Fitzgerald, for purposes of the demurrer, to be the incumbent of the position which the register has improperly attempted to abolish. We think this allegation shows sufficient interest in the position on the part of Mr. Fitzgerald to permit him to seek declaratory relief. Cf. *Povey* v. *School Comm. of Medford,* 333 Mass. 70, 72.

The register makes various arguments based upon *Opinion of the Justices,* 275 Mass. 575, 579, *Howard* v. *State Bd. of Retirement,* 325 Mass. 211, 213–214, and *Cieri* v. *Commissioner of Ins.* 343 Mass. 181, 184–185. These contentions need not be considered in view of our holding that Mr. Fitzgerald has standing to bring this bill.

*Interlocutory decree and final decree affirmed.*

