ROBERT B. CHASE & others[1] *vs.* PLANNING BOARD
OF WATERTOWN & others.[2]

Suffolk.    April 13, 1976. — July 7, 1976.

Present: HALE, C.J., GRANT, & ARMSTRONG, JJ.

*Declaratory Judgment.   Practice, Civil,* Parties, Declaratory proceed-
ing.   *State Administrative Procedure Act.*

Plaintiffs who are merely residents, voters, taxpayers, or town officials,
without any special statutory standing, may not use G. L. c. 231A
to obtain declaratory relief concerning the validity of an official act.
[431-432]
A town's planning board is not an "agency" for the purpose of the
State Administrative Procedure Act, G. L. c. 30A.  [432-433]

CIVIL ACTION commenced in the Supreme Judicial Court
for the county of Suffolk on September 4, 1975.

Upon transfer to the Superior Court a motion to dismiss
was heard by *Adams, J.*

*Christopher Pilavis* for the plaintiffs.

*Walter H. McLaughlin, Jr. (William F. York* with him)
for Carabetta Enterprises, Inc. & another.

*Paula R. Rosen,* Assistant Attorney General, for De-
partment of Community Affairs.

*John G. Carberry* for Massachusetts Housing Finance
Agency.

HALE, C.J.    This is an appeal from a judgment of dis-
missal entered pursuant to Mass.R.Civ.P. 12 (b), 365 Mass.
755 (1974), of an action seeking a declaratory judgment
in accordance with G. L. c. 231A.

---

[1] Nineteen named residents of Watertown.

[2] Carabetta Enterprises, Inc., Charles Mossessian, Department of
Community Affairs and Massachusetts Housing Finance Agency.

In early 1975, Carabetta Enterprises, Inc. (developer), filed an application with the Department of Community Affairs (DCA) seeking to establish pursuant to G. L. c. 121A (as in effect prior to St. 1975, c. 827) a corporation which would build apartments in Watertown near the Charles River on land owned by Charles Mossessian. In accordance with the procedures of G. L. c. 121A, § 6, the DCA transmitted the application to the town of Watertown, whose selectmen reported the matter to the planning board. On August 5, 1975, after conducting hearings, the planning board by a three to two vote determined, among other things, that the tract of land in question was a "blighted open area" within the meaning of G. L. c. 121A, § 1, and approved the application.

Shortly thereafter the plaintiffs challenged the board's decision by filing this action seeking declaratory relief pursuant to G. L. c. 231A and judicial review of an agency decision pursuant to G. L. c. 30A, § 14.[3] On October 8, 1975, the defendants' Rule 12(b) motions to dismiss, based on various grounds, were allowed. Judgments were entered, and the plaintiffs appealed.

The plaintiffs, as residents, voters, taxpayers, or town officials, may not use chapter 231A to obtain declaratory relief concerning the validity of an official act. *Povey* v. *School Comm. of Medford,* 333 Mass. 70, 71-72 (1955). *Berry* v. *Quincy,* 334 Mass. 703 (1956). *Fine* v. *Woods Hole, Martha's Vineyard & Nantucket S.S. Authy.* 350 Mass. 775, cert. den. 385 U. S. 845 (1966). Chapter 231A, § 8, requires that "all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding." The court in *Povey* made the following comment on a taxpayer suit similar to the present one: "If ... these plaintiffs are proper parties to this proceeding why must not all other

---

[3] The action was originally filed in the Supreme Judicial Court which ordered it transferred to the Superior Court. On September 18, 1975, a judge of the latter court denied the plaintiffs' request for a preliminary injunction prohibiting the approval of the developer's application.

taxpayers who have the same rights as the plaintiffs be made parties? And if all others are not made parties why may not other taxpayers who are not bound by the present proceeding bring other and later suits in their respective rights? And if ten or more taxpayers have a right to sue for declaratory relief, why does not a single taxpayer have the same right? We cannot believe that the Legislature intended that public officers should be subject to harassment by taxpayers as to their official acts in this manner." 333 Mass. at 72. We agree with the reasoning of *Povey* and conclude that the plaintiffs have not complied with the requirements of c. 231A, § 8.[4] As the plaintiffs have neither alleged nor argued any special statutory standing, dismissal of the action was proper.[5] See also *Saraceno* v. *Peabody*, 361 Mass. 696, 701-702 (1972). Furthermore, the granting of the Massachusetts Housing Finance Agency's motion to dismiss the plaintiff's action against it was also proper because that agency plays no role in the chapter 121A statutory scheme.

We do not find it necessary to decide whether the plaintiffs are aggrieved persons within the meaning of G. L. c. 30A, § 14, because the planning board of Watertown is a local body and is not an "agency" for purposes of the State Administrative Procedure Act, G. L. c. 30A. See *Dixie's Bar Inc.* v. *Boston Licensing Bd.* 357 Mass. 699,

---

[4] It has not been argued that the plaintiffs are representatives of a class. See *Wolf* v. *Commissioner of Pub. Welfare,* 367 Mass. 293, 297-298 (1975).

[5] For instances where taxpayers or taxable inhabitants have been conferred standing by statute, see G. L. c. 29, § 63 (illegal expenditures by the Commonwealth); G. L. c. 35, § 35 (compliance with various financial requirements of county government); G. L. c. 40, § 53 (illegal expenditures by towns and regional school districts); G. L. c. 44, § 59 (compliance by treasurers, collectors, and assessors with various financial requirements); G. L. c. 45, § 7 (erection of buildings on park land); G. L. c. 71, § 34 (failure to provide sufficient funds for maintenance of public schools); G. L. c. 164, § 69 (proper rate setting for gas and electricity); and G. L. c. 214, § 3(10) (enforcement of gift or conveyance to town or city). See also G. L. c. 40A, § 17, as appearing in St. 1975, c. 808, § 3, which authorizes appeals by a municipal officer or board in certain zoning matters.

702 (1970); *Sherman* v. *Rent Control Bd. of Brookline,*
367 Mass. 1, 7-8 (1975). Therefore, review of the board's
decision cannot be obtained under G. L. c. 30A, § 14. In
light of our disposition of this appeal, we offer no opinion
concerning the merits of the case or whether the decision
of the board was ripe for review.

*Judgment affirmed.*