JOSEPH P. O'BRIEN *vs.* PAUL J. ANDREWS & others. April 10, 1979. The plaintiff, a resident of Woburn, brought this action to nullify the vote by which the defendant school committee appointed the defendant Andrews to the position of assistant superintendent. The plaintiff's contentions are that the appointment violated several provisions of the conflict of interest law, G. L. c. 268A, because the committee had established the position and fixed the salary for it while Andrews was himself a school committee member and because Andrews remained in legal effect a member of the committee at the time of and after his appointment due to the conditional nature (according to the plaintiff) of his resignation from the committee. The judge did not err in dismissing the complaint on the ground that the plaintiff lacked standing to bring the action. Although a private action may be maintained under G. L. c. 268A, § 21(*a*), to enforce the provisions of the conflict of interest law, *Everett Town Taxi, Inc.* v. *Aldermen of Everett*, 366 Mass. 534, 535-538 (1974), the implication of that case (at 538-539) and of *Graham* v. *McGrail*, 370 Mass. 133, 136-137 (1976), is that the general interest of a private citizen having no relation to the alleged violation except that of being a resident of the town is insufficient to confer standing under § 21(*a*). See *Moskow* v. *Boston Redevelopment Authy.*, 349 Mass. 553, 571 (1965), cert. denied, 382 U.S. 983 (1966); *Crall* v. *Leominster*, 362 Mass. 95, 106-107 (1972); *Charbonnier* v. *Amico*, 367 Mass. 146, 151 n.10 (1975). See also *Povey* v. *School Comm. of Medford*, 333 Mass. 70, 71-72 (1955); *Jacobson* v. *Parks & Recreation Commn. of Boston*, 345 Mass. 641, 645 (1963), and cases cited.

*Judgment affirmed.*

*David W. Kelley* for the plaintiff.
*Joseph P. Day* for the defendants.