RAOUL J. LEBEAU & others *vs.* BOARD OF SELECTMEN OF EAST BROOKFIELD & others. February 11, 1982. This action arises out of the proposed construction in East Brookfield of a $30 million complex to be utilized by the defendant K Mart Corporation (K Mart) for distribution of retail goods to its stores in New York and New England. The project will be developed by another defendant, One Corsica Associates (Corsica), and will be leased to K Mart. Pursuant to G. L. c. 121A, the developer sought and obtained approval of the project, first by the selectmen and planning board of East Brookfield (board), and finally by the Massachusetts Department of Community Affairs, thereby qualifying the project for certain tax benefits.

The plaintiffs, three East Brookfield residents, filed a complaint against the board, Corsica and K Mart, contesting the approval of the project. A Superior Court judge allowed K Mart's and Corsica's motions to dismiss on the ground that the plaintiffs were not "persons aggrieved"

within the meaning of G. L. c. 121A, § 6C. The board's motion to dismiss was allowed by a different Superior Court judge on the same basis, as well as on the basis that the plaintiffs were without standing under G. L. c. 268A, § 21(a). Final judgments dismissing the complaint were entered as to all the defendants. The present appeal ensued. There was no error.

1. As to whether the plaintiffs were "persons aggrieved" within the meaning of G. L. c. 121A, § 6C, we think that reasoning of *Boston Edison Co.* v. *Boston Redevelopment Authy.*, 374 Mass. 37, 44-46 (1977), fully controls the circumstances of this case. See *Chase* v. *Planning Bd. of Watertown*, 4 Mass. App. Ct. 430, 431-432 (1976), where this court denied standing to the plaintiffs on similar reasoning. Contrast *Shriner's Hosp. for Crippled Children* v. *Boston Redevelopment Authy.*, 4 Mass. App. Ct. 551, 554-555 (1976) (abutters).

2. As to whether the plaintiffs have standing under G. L. c. 268A, § 21(a), we think that the case of *O'Brien* v. *Andrews*, 7 Mass. App. Ct. 902 (1979), is dispositive. Moreover, there is no claim that the alleged violation of G. L. c. 268A, § 21(a), "'substantially influenced' the action taken by the municipal agency in the particular matter." *Charbonnier* v. *Amico*, 367 Mass. 146, 151 (1975).

3. And finally, the question whether standing has been conferred on the basis of the plaintiffs' status merely as residents, taxpayers and voters has been answered adversely to them in a host of cases. See, e.g., *Chase* v. *Planning Bd. of Watertown*, 4 Mass. App. Ct. at 431-432, and cases cited. See also *Greenberg* v. *Assessors of Cambridge*, 360 Mass. 418, 421 (1971); *Charbonnier* v. *Amico*, 367 Mass. at 151 n.10.

In sum, we conclude that there is no basis under G. L. c. 268A, G. L. c. 121A, or otherwise on which standing may be conferred in circumstances, such as presented here, where the plaintiffs are unable to show any direct, substantial, and ascertainable legal harm.

*Judgments affirmed.*

*Harry Zarrow* for the plaintiffs.

*John G. Fabiano* (*Michelle D. Miller* with him) for One Corsica Associates & another.

*Henry P. Grady* for Board of Selectmen of East Brookfield.