Parker, C. J.
The only question arising out of the multitude of facts in this case is, whether the pauper gained a settlement in the district of Hiram, in consequence of having been chosen and duly qualified to act as constable of that district, under the circumstances appearing in the case.
. By the sixth article of the second section of the statute of 1793, c. 34, any person being chosen and actually serving, one whole year, in certain offices, among which is included the office of constable, in any town or district, shall thereby gain a settlement therein. It seems to be understood, that, unless the pauper gained a settlement in Hiram under this provision, he had no settlement there.
It appears that West was elected and sworn into office on the 15th of April, 1811, and that he performed the duties of that office until the 28th of March, 1812 ; when he was removed by process of law from Hiram to Paris, the shire town of the county of Oxford, where he was committed to prison on execution. On the 6th of April, 1812, the annual meeting for the choice of officers was holden in Hiram, at which time another person was chosen constable, and sworn into office. The warrant for calling this meeting was directed to West, the pauper, who caused it to be posted up by another person, after he was committed to prison ; and he signed his name upon the back of the warrant, over which a return was made by the person whom he had employed, but he did not execute or serve any pro *231 cess, civil or criminal, * within the district of Hiram after [* 265] he was carried to prison, it being impossible for him so to do, he being in close prison until after the term of his office ex pired.
We are all of opinion that the term, one “ whole year,” used in the statute, must be .understood to be a political or rather a municipal year, namely, from the time the officer is chosen, until a new choice takes place, at the next annual meeting for the choice of town officers ; which may sometimes exceed and sometimes fall short of a calendar year. The constable is sworn to do the duties of his office until another shall be chosen and sworn ; and he must be considered as in office, though it is an annual office, until his successor is appointed, or until his first appointment is terminated by a new choice of the same person.† It is to be understood, however, that a continuance in office, or an extension of the term of service, beyond the usual time of the annual meeting for the choice of such officers, if for the purpose of avoiding any liability incurred by the town which may have elected such officer, would probably be considered fraudulent, and so would not avail the town.
But it is not only necessary, in order to gain a settlement, that the person should appear, by the record, to have been in office for a political year ; but he must actually have served in the office during the whole year ; the true construction of which must be, that he must continue capable of serving, whenever his service may be lawfully required ; for it may happen that but a few instances have occurred in which his services may have been wanted.
A strict and literal construction of the statute would, in most instances, defeat the object of the legislature, which was, to give those persons settlements in towns, who should have so far received the confidence of the people as to have been elected into the specified offices, and who had remained, during an official term, ready and able to discharge the functions which they had assumed. An occasional absence from the town, however, or a disability to execute any particular act in the office, caused by sickness or otherwise, * would not interrupt the acquisition of a settlement ; be- [ * 266 ] cause, in the first case, it would be presumed that the officer was ready to return within his precinct, whenever his official duties should require his presence ; and disability by sickness, unless it were of a permanent nature, so as to induce the town to consider the office as vacated, and to supply it by another election, would not impair the official character of the party.
But, when a compulsory removal has taken plans, by law, from the *232 precinct within which only the officer has a right to act, before the expiration of his term ; which compulsion continues to the end of the period for which he has been elected, so that he is disabled by law from actually serving in his office the whole year, as required by the statute to give him a settlement; we think such person does not come within the rule adopted by the legislature.†
It is to be considered that these rules of settlement were originally arbitrary, not founded upon any particular view to their superior natural justice, but established to operate prospectively, so as to produce future equality among the several towns in the Commonwealth. They ought, therefore, to be, and always have been, construed strictly ; so as not to throw a burden upon any town, unless it should manifestly be liable, according to the principles and regulations adopted by the legislature as the best general rules which could be devised for the common convenience.
As our statute is of recent origin, and in many respects different from the English provisions respecting the settlement of paupers, as well as from the legislative provisions established here before the revolution ; we can seldom derive much aid, in the application of the existing rules, from authority. But there is a case in Burrow’s Settlement Cases [81, page 239], which is somewhat analogous to the case at bar, in which the Court adopted the same construction of a similar statute which we now give. In that case, a service of one whole year in a particular office was necessary to give a set- [ * 267 ] tlement, and the pauper was removed from the parish by order of the Sessions, before the year expired ; and it was contended that the removal at the instigation of the parish should not discharge them. But it was holden, that, the removal being lawful, the office terminated, and so the settlement was not gained.‡
It has become necessary to consider the question, which has been made at the bar, whether West could legally be considered a pauper, it being stated that he was able, but unwilling, to provide for himself by labor. Perhaps this would be a question only between him and the place of his proper settlement, in an action against him for money paid to his use, if it should turn out that he was not in fact a pauper ; or at any rate the town, which is liable for his support as a pauper, may avail itself of his labor in the manner pointed out by statute (1). *233 But the town, where he happens to be, have only to inquire, whether he is in actual distress, and, if he is, such town is obliged to relieve him. If the distress is of his own procuring, and may be removed by his own exertions, and this is known to the overseers of the town who provide for him, a question may arise as to the right of recovery, upon which we give no opinion at present.
It is contended, however, by the counsel for the plaintiffs, that the defendants are concluded from contesting the settlement of the pauper in this case, because the notice given to them on the 2d of September, 1812, remained unanswered. But a previous notice had been given in the month of May, which was seasonably answered. A supposed defect in the first notice, namely, that it was directed to the overseers of the town of Hiram, whereas Hiram was not a town, but a district, was the reason of sending the second notice.
But, if this defect was ever material, it ceased to be so when the overseers of Hiram consented to answer it, and deny the settlement of the pauper in their district. We do not believe that Hiram would have been excused from answering the notice on account of this mistake ; but, at any rate, the right to take advantage of it was waived by the answer.†

Plaintiffs nonsuit.

 The People vs. Runkin,9 Johns. 147. — Trustees of Vernon Society vs. Hills, 6 Cowen, 23. —12 Mod. R. 256 —10 Mod. Rep. 340. — 8 Mod R. 127. — Phillips vs Weekham, 1 Paige, 595.

 Bane vs. Greenwich, 1 Pick. 129. — Fittleworth vs. Pulborough, 2 Bott. by Pratt vl. 252.

 [Inhabitants of West Newbury vs. Inhabitants of Bradford, 3 Metc. 428. In this case, Shaw, C. J., says; “ The law ” (by which a settlement is gained by ten years’ residence, and payment of taxes for five of those years) “ supposes an ability to perform municipal duties, which are inconsistent with the dependent condition of a pauper.” The same principle applies to one in the equally dependent condition of a prisoner in close confinement.—12 Pick 1. — Ed.]

 Stat. 1793 & 59, § 6.

 Embden vs. Augusta, post, 302. — Shutesbury vs. Oxford, 16 Mass. Rep. 202.