# SUPPLEMENT

### Opinion of the Justices to the Governor and Council.

In the opinion of the justices, returned under c. 3, art. 2, of the Constitution,

(1) An Auditor of the Commonwealth, upon assuming office for the first time, is authorized to make the appointment of a new person as first deputy auditor without first removing the then incumbent for cause and without obtaining the consent of the Governor and Council to such removal before submitting the name of the new appointee for confirmation by the Governor and Council;

(2) The tenure of office of the first deputy auditor is (1) during the term of the Auditor by whom he is appointed unless sooner removed for cause by that Auditor with the consent of the Governor and Council, (2) during the period of a vacancy in the office of auditor arising during the term of the Auditor by whom he is appointed, and (3) during any period of hold-over due to the fact that his successor as first deputy auditor has not been appointed and qualified;

(3) The term of office of the first deputy auditor expires with the term of the Auditor by whom he is appointed, except that it continues during a vacancy arising in the office of Auditor during the term of the Auditor by whom he was appointed; it does not continue after the term of the Auditor by whom he is appointed and until he is removed for cause by the Auditor with the consent of the Governor and Council under G. L. c. 11, § 2.

On March 18, 1931, the following document was transmitted to the Justices of the Supreme Judicial Court by the Governor and Council:

To the Honorable the Justices of the Supreme Judicial Court:

Whereas, the Auditor of the Commonwealth, purporting to act under the authority of General Laws, chapter 11, section 2, has submitted to the Governor and Council for their consent, the appointment of George E. Murphy as first deputy auditor, as more fully set forth in the Auditor's communication dated February 10, 1931, attached hereto, and marked Exhibit "A";

WHEREAS, Daniel C. Denniston, who has held the position of first deputy auditor under the predecessor in office of the present Auditor, is performing the duties of the office, has not resigned, and has not been removed for cause by the present Auditor by and with the consent of the Governor and Council;

WHEREAS, the Governor and Council entertain a doubt as to their power and authority and the power and duties of the Auditor, as an officer of the Commonwealth, in respect to the appointment of a first deputy auditor, as authorized by General Laws, chapter 11, section 2;

WHEREAS, said section 2 of Chapter 11, General Laws, provides that "he (the Auditor) shall, with the consent of the governor and council, appoint a first deputy auditor, . . . who may be removed by him (the Auditor) for cause at any time with the consent of the governor and council";

WHEREAS, the settlement of such doubt is necessary to enable the Governor and Council to act legally and intelligently in the premises;

WHEREAS, such doubt raises an important question of law within the meaning of article 2 of chapter 3 of part second of the Constitution of the Commonwealth:

IT IS ORDERED that the opinion of the Justices of the Supreme Judicial Court be requested by the Governor and Council upon the following important questions of law:

1. Whether under General Laws, chapter 11, section 2, and under the circumstances as above set forth, the Auditor is authorized to make the appointment of any person without first removing the present incumbent for cause and without obtaining the consent of the Governor and Council to such removal before submitting the name of a new appointee for confirmation by the Governor and Council.

2. What are the exact limitations of the tenure of office of a person who is appointed first deputy auditor under the provisions of General Laws, chapter 11, section 2.

3. Whether or not the term of office of the first deputy auditor expires with the constitutional term of office of the Auditor who appointed him; or whether or not the tenure

of office of the first deputy auditor continues until he is removed for cause by the Auditor, with the consent of the Governor and Council, under the provisions of said General Laws, chapter 11, section 2.

Exhibit "A" referred to above, reads as follows:

FEBRUARY 10, 1931.

To his Excellency, the Governor and the Honorable the Members of the Governor's Council: —

As ordered by Section 2 of Chapter 11 of the General Laws of 1921, I hereby appoint as First Deputy Auditor at a salary of Forty-Eight Hundred Dollars ($4800) a year, subject to the approval of the Governor and Council, George E. Murphy of 15½ Belmont Street, Lowell, Massachusetts.

Respectfully submitted,
(signed)        FRANCIS X. HURLEY
                                    State Auditor.

On March 31, 1931, the Justices returned the following answers:

To His Excellency the Governor and the Honorable Council of the Commonwealth of Massachusetts:

The Justices of the Supreme Judicial Court, in reply to your order of March 18, 1931, copy of which is hereto annexed, respectfully express their opinion as follows:

The underlying and essential matter is the nature and tenure of the office of first deputy auditor. The statutory history of that office is this: Provision was made by St. 1901, c. 157, that, when by reason of sickness, absence or other cause the Auditor was unable to perform his duties, the first clerk in his office should act as his deputy until the cessation of such disability. That provision continued in effect until the office of deputy auditor was created, the deputy auditor having substantially the same powers and being subject to removal by St. 1908, c. 597, § 2. By St. 1911, c. 294, for the first time there was added to other duties the provision that, in case of vacancy in the office

of auditor, the deputy auditor should be continued in office and act as Auditor until an Auditor should be elected according to law. The statute, so far as here material, has continued in substance the same since 1911 to the present. It is now provided by G. L. c. 11, § 2, that the Auditor "shall, with the consent of the governor and council, appoint a first deputy auditor, at a salary to be fixed by the auditor, with the approval of the governor and council, who shall perform such duties as may be assigned to him by the auditor and who may be removed by him for cause at any time, with the consent of the governor and council. If, by reason of sickness, absence or other cause, the auditor is temporarily unable to perform the duties of his office, the first deputy shall perform the same until such disability ceases. In the event of a vacancy in the office of auditor, the first deputy shall be continued in office and shall perform all statutory duties of the auditor until an auditor shall be duly qualified . . . ."

The plain implication from the provision that "In the event of a vacancy in the office of auditor, the first deputy shall be continued in office" is that, but for this explicit enactment, the term of office of the first deputy would end with that of the Auditor. Those words would be meaningless unless that was the purpose of the General Court. It is a familiar canon of statutory interpretation that every word of a legislative enactment is to be given force and effect so far as reasonably practicable. No part is to be treated as immaterial or superfluous unless no other rational course is open. The Auditor is given power to appoint a first deputy with the consent of the executive department of the government. He is next in succession in case of vacancy. His duties are such as may be assigned to him and changed from time to time by the Auditor. The relations between the Auditor and his first deputy imply a high degree of trust and confidence as well as of personal harmony. It is to be noted that the first deputy auditor is not in selection, appointment, qualification or tenure under the civil service laws or rules, for the reason that his "appointment is subject to the approval of the governor and

council." G. L. c. 31, § 5. The provisions of G. L. c. 30, § 8, are inapplicable because those relate only to appointees of the Governor. No statute in terms fixes the tenure of office of the first deputy. The inference is not permissible that he holds office for life or during good behavior without any statute to that effect.

It is the general rule of the common law apart from statute that a public officer cannot give an appointee a tenure of office beyond his own. *Commonwealth* v. *Higgins*, 4 Gray, 34, 35. *Opinion of the Justices*, 239 Mass. 603, 605.

All these considerations lead to the conclusion, in our opinion, that the first deputy auditor holds his office, unless removed for cause by the Auditor making the appointment with the consent of the Governor and Council, during the time the official appointing him remains Auditor and during the further period of a vacancy existing because that official ceases for any reason to be Auditor.

It is a general principle of expediency in the absence of any binding regulation that an officer may continue after the expiration of his term to exercise the duties of his position until his successor is selected and qualified. This is simply a holding over for convenience and confers no right for any defined period. It is not a part of the necessary tenure of his office. It prevents interruption in the performance of the public business. It commonly is in the interests of the general welfare. Whether a person thus holding over is a *de facto* or a *de jure* officer is not germane to the questions presented and need not be considered. There are no adjudications on the point in this Commonwealth, although some are to be found in other States.* We think that this principle is applicable to the first deputy auditor.

The result of this discussion is that in our opinion the several questions must be answered as follows:

The first question is answered in the affirmative.

The answer to the second question is that the tenure of office of the first deputy auditor is (1) during the term of the Auditor by whom he is appointed unless sooner removed

---

* *Paris* v. *Hiram*, 12 Mass. 261, 264.

for cause by that Auditor with the consent of the Governor and Council, (2) during the period of a vacancy in the office of auditor arising during the term of the Auditor by whom he is appointed, and (3) during any period of hold-over due to the fact that his successor as first deputy auditor has not been appointed and qualified.

The answer to the third question is that the term of office of the first deputy auditor expires with the term of the Auditor by whom he is appointed, except that it continues during a vacancy arising in the office of auditor during the term of the Auditor by whom he was appointed; and does not continue thereafter until he is removed for cause by the Auditor with the consent of the Governor and Council under G. L. c. 11, § 2.

> ARTHUR P. RUGG
> JOHN C. CROSBY
> EDWARD P. PIERCE
> JAMES B. CARROLL
> WILLIAM C. WAIT
> GEORGE A. SANDERSON
> FRED T. FIELD