PAUL D. HOWARD *vs.* STATE BOARD OF RETIREMENT.

Suffolk.   October 31, 1949. — January 5, 1950.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & COUNIHAN, JJ.

*Secretary of the Commonwealth.   Public Officer.*

The tenure of office of a first deputy secretary of the Commonwealth ended upon the ending of the tenure of office of the Secretary who appointed him and the qualification of the succeeding secretary, and, when his successor as deputy was appointed and qualified, all his rights in the office came to an end without further formal action; he was not thereby removed or discharged from his office within G. L. (Ter. Ed.) c. 32, § 16 (2), as appearing in St. 1945, c. 658, § 1.

PETITION, filed in the Superior Court on February 7, 1949, for a writ of mandamus.

The case was heard by *Brogna*, J.

In this court the case was submitted on briefs.

*J. A. Daly*, for the petitioner.

*F. E. Kelly*, Attorney General, & *H. P. Fielding*, Assistant Attorney General, for the respondent.

QUA, C.J.   The petitioner contends that the Secretary of the Commonwealth has unlawfully attempted to discharge the petitioner from his office as first deputy secretary.   As a member of the State employees' retirement system in "Group A,"[1] he seeks by this proceeding to compel the board to grant him a hearing in accordance with G. L. (Ter. Ed.) c. 32, § 16 (2), as appearing in St. 1945, c. 658, § 1, in order to determine whether his discharge was "justified."   The Superior Court dismissed the petition.

The facts appear from a case stated.   The petitioner is sixty-six years of age.   He was appointed second deputy in 1933, and in 1941 was appointed first deputy by a former Secretary of the Commonwealth.   He was not in the classified civil service.   G. L. (Ter. Ed.) c. 9, § 2, as appearing in St. 1941, c. 587.   At the State election in November, 1948, Edward J. Cronin was elected Secretary of the Commonwealth in place of the former Secretary who had appointed the petitioner.   Mr. Cronin took office on January 19, 1949.   On that day he wrote to the petitioner that his "duties as first Deputy Secretary of State are hereby severed with this Department, to take effect at the close of work on January 31, 1949."   On or about January 31, Secretary Cronin appointed Leo M. Harlow as first deputy secretary, and Mr. Harlow qualified for the office.   The petitioner thereupon applied to the board for a hearing under § 16 (2).   Ultimately the board refused this request.

The board was right.   Section 16 gives the right to a hearing to members of the system against whom proceed-

---

[1] See G. L. (Ter. Ed.) c. 32, § 3 (2) (g), as appearing in St. 1945, c. 658, § 1.

ings have been brought for involuntary retirement or who have been removed or discharged. The petitioner does not come within either category. His situation is simply that his tenure of office ended upon the ending of the tenure of the Secretary of the Commonwealth who appointed him and the qualification of the succeeding Secretary. "It is the general rule of the common law apart from statute that a public officer cannot give an appointee a tenure of office beyond his own. *Commonwealth* v. *Higgins*, 4 Gray, 34, 35. *Opinion of the Justices*, 239 Mass. 603, 605." *Opinion of the Justices*, 275 Mass. 575, at page 579. The petitioner comes within the category of those who fail of reappointment for whom retirement allowances are provided by c. 32, § 10, as appearing in St. 1945, c. 658, § 1.

There is nothing in c. 32, "Retirement Systems and Pensions," or in amendments to that chapter, evincing any intent on the part of the Legislature to give a permanent tenure to such officers as the petitioner, contrary to the common law. Section 3 of c. 9 is still in the General Laws. That section in part provides that "In the event of a vacancy in the office of secretary, the first deputy shall be continued in office, and shall perform all statutory duties of the secretary until a secretary is duly qualified." This provision would be meaningless if it were not that without it the deputy's term would come to an end immediately with that of the Secretary who appointed him. The effect of the provision is merely to continue the deputy in office until a new Secretary is qualified.

The petitioner's term of office expired when Mr. Cronin was qualified on January 19, 1949. From that day until his own successor was appointed and qualified "on or about January 31, 1949," he was merely a "holdover." *Opinion of the Justices*, 275 Mass. 575, 579. *Wardwell* v. *Leggat*, 291 Mass. 428, 430–431. When his successor was appointed and qualified all his rights in the office came to an end. The facts in this case are almost exactly parallel with the facts appearing in *Opinion of the Justices*, 275 Mass. 575, which dealt with the term of the first deputy

auditor. We accept that opinion as indicating the correct result in the case before us.

It is immaterial that the letter from Mr. Cronin to the petitioner of January 19 was couched in language more or less appropriate to a removal or discharge.

*Judgment affirmed.*