C. PAUL OSSORGHIN, APPELLANT, *v.* NEVADA REAL ESTATE COMMISSION, RESPONDENT.

No. 3952

June 18, 1957                                    312 P.2d 634

*Leonard T. Howard*, of Reno, for Appellant.

*Sidney W. Robinson*, of Reno, for Respondent.

## OPINION

By the Court, MERRILL, J.:

This is an appeal from judgment of the court below denying a writ of certiorari by which the petitioner sought to nullify action of the respondent commission in suspending his license as a real estate broker. The only question raised by this appeal is whether the commission at the time it took action was so constituted as to enable it to act with authority. Petitioner contends that two of those who sat as members were without authority to act since their terms of office had expired.

The commission's hearing with respect to petitioner's license was held June 22, 1955. At that time the composition of the commission was fixed by sec. 6396.06 NCL, 1943–1949 Supp. (since amended and superseded by NRS 645.050 et seq.). The commission was then composed of five members; four appointed by the governor with the state controller acting ex officio as president.

Two members of the commission, Alfred Tamblyn and John Sinelio, had been appointed June 19, 1952 for terms of three years expiring June 16, 1955. At the hearing in question both of these members were still serving under their 1952 appointments. Petitioner contends that since their terms of office had expired six days prior to the hearing they were without authority to sit as members.

Such is not the law. The rule is stated in Commonwealth v. Kelly, 322 Pa. 178, 185 A. 307, 309. "The unquestioned weight of modern authority holds that where an officer is appointed or elected for a specified term, he continues to hold over until his successor has qualified, unless there is an express legislative mandate to the contrary." The reason for the rule is stated in Robb v. Carter, 65 Md. 321, 4 A. 282, 283. "The office being a trust created for the public good, it follows that a cessation of the benefits derived from it ought not to be sanctioned because of a failure to make an appointment by those whose duty it is to appoint. No such failure should be permitted to cause a temporary extinction of the trust." In Opinion of the Justices, 275 Mass. 575, 175 NE 644 at 646, it is stated: "It is a general principal of expediency in the absence of any binding regulation that an officer may continue after the expiration of his term to exercise the duties of his position until his successor is selected and qualified. This is simply a holding over for convenience and confers no right for any defined period. It is not a part of the necessary tenure of his office. It prevents interruption in the performance of the public business. It commonly is in the interests of the general welfare."

On July 7, 1955 Tamblyn was reappointed to membership on the commission. On August 5, 1955 one E. W. Miller was appointed to serve in place of Sinelio. Until these appointments were made and the appointees had qualified as members, Tamblyn and Sinelio continued to

serve with authority under their 1952 appointments. The commission, then, was properly constituted to act on June 22, 1955. The court below properly denied certiorari.

Petitioner also contends that the commission was without jurisdiction to suspend license upon the ground charged under the facts of this case. This question we need not consider in this proceeding. A court review of the commission's action is provided by law. NRS 645.760. Proceedings upon review are now pending in the district court for Washoe County. The question raised by this contention of the petitioner entails a review of the evidence upon which the commission's action was based and should more properly be raised in those proceedings. In neither this case nor in State ex rel. Kassabian v. Board of Medical Examiners, 68 Nev. 455, 235 P.2d 327, was the availability of judicial review asserted as a bar to certiorari. No implication should be read into our failure to consider that question.

Affirmed.

BADT, C. J., and EATHER, J., concur.