JOSEPH A. CIERI *vs.* COMMISSIONER OF INSURANCE & others.

Suffolk.    October 6, 1961. — November 15, 1961.

Present: WILKINS, C.J., SPALDING, CUTTER, KIRK, & SPIEGEL, JJ.

*Public Officer. Veteran. Commonwealth,* Officers and employees. *Insurance,* Commissioner of insurance.

A designation by the commissioner of insurance under G. L. c. 26, § 8A, of a representative to act in his place on the board of appeal on motor vehicle liability policies and bonds cannot, regardless of the specified period of the designation, give the designee a tenure of office beyond the term of office of the commissioner.   [184]

The tenure of office of a veteran designated by a commissioner of insurance under G. L. c. 26, § 8A, as his representative on the board of appeal on motor vehicle liability policies and bonds "during the period of time this designation remains unrevoked" ended less than two years after the designation when the term of office of that commissioner expired and a new commissioner took office who never designated the veteran to be his representative, and, although the veteran continued to serve on the board as a holdover until the new commissioner designated a new representative and the veteran's total time served thereon since his designation by the first commissioner exceeded three years, he had not "held such office or position for not less than three years" within the meaning of the Veterans' Tenure Act, c. 30, § 9A.   [184–185]

The position of representative of the commissioner of insurance on the board of appeal on motor vehicle liability policies and bonds in the division of insurance under G. L. c. 26, § 8A, is not, as a matter of legislative intent, within the sweep of the Veterans' Tenure Act, c. 30, § 9A.   [185]

PETITION for a writ of mandamus, filed in the Supreme Judicial Court for the county of Suffolk on April 3, 1961.

The case was reserved and reported without decision by *Kirk,* J.

*Foster Furcolo, (Morris M. Goldings* with him,) for the petitioner.

*Leo Sontag,* Assistant Attorney General, for the respondents.

KIRK, J.    This is a petition for a writ of mandamus filed under G. L. c. 31, § 46A, to compel the Commissioner of

Insurance (Otis M. Whitney), hereinafter referred to as the respondent, and the civil service commission to restore the petitioner, without loss of compensation or other rights, to his position as a member of the board of appeal on motor vehicle liability policies and bonds in the division of insurance.

The single justice of this court reserved and reported the case to the full court without decision, upon the pleadings, a stipulation, and a statement of agreed facts.

The petition, the answer thereto, and the statement of agreed facts disclose the following. On May 8, 1957, Joseph A. Humphreys, then Commissioner of Insurance, designated the petitioner as his representative on the board of appeal in the division of insurance in accordance with G. L. c. 26, § 8A, as amended.[1]

By the terms of the designation thus made, to be effective May 8, 1957, the petitioner was to serve as a member of the board "during the period of time this designation remains unrevoked." Mr. Humphreys' term as Commissioner of Insurance expired April 21, 1959, and on that date the respondent was qualified as, and assumed the duties of, Commissioner of Insurance. The respondent never designated the petitioner as his representative under G. L. c. 26, § 8A, but the petitioner, nevertheless, continued to serve satisfactorily on said board until January 25, 1961. On January 11, 1961, the respondent notified the petitioner that he had designated another person, effective January 26, 1961, to act as his representative on the board and that

---

[1] In pertinent part, G. L. c. 26, § 8A, provides: "There shall be a board of appeal on motor vehicle liability policies and bonds serving in the division of insurance and consisting of the commissioner of insurance or his representative, the registrar of motor vehicles or a representative, and an assistant attorney general to be designated from time to time by the attorney general. The commissioner of insurance may by a writing, in such form as he may prescribe, filed in his office, designate from time to time a representative to act in his place and the registrar of motor vehicles may in like manner designate from time to time a representative to act in his place. Any such designation may be revoked at any time and may run for such period as the designating officer may prescribe. . . . The commissioner of insurance or his representative shall be the chairman of the board. With the approval of the governor and council, the board may appoint and remove a secretary . . . . The secretary so appointed shall be eligible to serve also as the representative of the commissioner of insurance, if designated as aforesaid."

the designation of the petitioner would terminate January 25, 1961. The petitioner, admittedly a veteran within the meaning of G. L. c. 31, § 21, requested a hearing by the respondent, purportedly under the authority of G. L. c. 31, § 43, and G. L. c. 30, § 9A (the Veterans' Tenure Act, so called). When the respondent denied this hearing, the petitioner requested and obtained a hearing by the civil service commission which thereafter affirmed the action of the respondent.

It is the contention of the petitioner that, as a veteran holding the position of designee of the Commissioner of Insurance on the board of appeal, he was entitled by virtue of the provisions of the Veterans' Tenure Act (G. L. c. 30, § 9A) to be separated involuntarily from his position only in accordance with the method prescribed by the civil service laws (G. L. c. 31, §§ 43 and 45), that the respondent's denial of a hearing constituted noncompliance with such prescribed method, and that he has therefore been illegally removed and is entitled to reinstatement by writ of mandamus under G. L. c. 31, § 46A.

The central question is whether the petitioner comes within the terms of the Veterans' Tenure Act (G. L. c. 30, § 9A) which reads in part: "A veteran, as defined in section twenty-one of chapter thirty-one, who holds an office or position in the service of the commonwealth not classified under said chapter thirty-one, other than an elective office, an appointive office for a fixed term or an office or position under section seven of this chapter, and has held such office or position for not less than three years, shall not be involuntarily separated from such office or position except subject to and in accordance with the provisions of sections forty-three and forty-five of said chapter thirty-one to the same extent as if said office or position were classified under said chapter. . . ."

The parties have agreed that the position held by the petitioner "was not an office or position classified under G. L. c. 31, was not an elective office and was not that of a confidential secretary under § 7 of c. 30."

We are of the opinion that the petitioner does not come within the terms of the statute because, for one reason, he has not held his position for the prescribed length of time. Even assuming, as the petitioner contends, that having been originally designated by former Commissioner Humphreys on May 8, 1957, the petitioner thereafter "served the Commonwealth in his own right" in an "independent" office or position, the fundamental fact remains that the petitioner's right to hold the office and exercise its powers stemmed directly from and depended wholly upon the appointing power of the Commissioner. Under G. L. c. 26, § 8A, the Commissioner may prescribe the duration of the period for the designee to act as his representative, may designate a different representative from time to time, and regardless of the terms of the designation, is free to revoke it at any time. Because the tenure of the petitioner derives from his designation by the Commissioner, it is limited and circumscribed not only by the terms of such revocable designation but also by the tenure of the Commissioner himself. "It is the general rule of the common law apart from statute that a public officer cannot give an appointee a tenure of office beyond his own. *Commonwealth* v. *Higgins,* 4 Gray, 34, 35. *Opinion of the Justices,* 239 Mass. 603, 605." *Opinion of the Justices,* 275 Mass. 575, 579. *Howard* v. *State Bd. of Retirement,* 325 Mass. 211, 213. Thus, the designation by Commissioner Humphreys, regardless of its terms, could not operate to give the petitioner tenure beyond the date of the Commissioner's own tenure which expired on April 21, 1959. And since, as the parties agree, the respondent never designated the petitioner as his representative, the petitioner's tenure extended only from May 8, 1957, to April 21, 1959, a period of less than two years. Whatever time he served in his position after April 21, 1959, was simply a holding over for public convenience and conferred no right for any defined period. "It is not a part of the necessary tenure of his office. . . . Whether a person thus holding over is a de facto or a de jure officer is not germane to the . . . [question] presented and need

not be considered.'' *Opinion of the Justices,* 275 Mass. 575, 579. *Wardwell* v. *Leggat,* 291 Mass. 428, 430–431. The petitioner, therefore, has not "held such office or position for not less than three years" within the meaning of the Veterans' Tenure Act, G. L. c. 30, § 9A.

The conclusion follows that since, as the parties have agreed, the position held by the petitioner was not classified under G. L. c. 31, and since, as we have found, he has not held his position for the time prescribed by G. L. c. 30, § 9A, the petitioner was not entitled to a hearing under G. L. c. 31, § 43, and was accordingly not illegally removed from his office.

What we have said disposes of the case on its own particular facts. We prefer, however, to base our decision on broader grounds. Notwithstanding the salutary purpose of G. L. c. 30, § 9A (see *Opinion of the Justices,* 324 Mass. 736, 740), we are of the opinion that the position of representative of the Commissioner of Insurance on the board of appeal on motor vehicle liability policies and bonds, is not, as a matter of legislative intent, within the sweep of the Veterans' Tenure Act. It has already been decided that the protection of that act does not necessarily extend to every position which is not expressly excluded from its provisions. See *Sullivan* v. *Committee on Rules of the House of Representatives,* 331 Mass. 135, 137. The aim of G. L. c. 26, § 8A, establishing the board of appeal, as disclosed by its language, its history, and the very nature of the positions created by it, leads us to the conclusion that G. L. c. 30, § 9A, is not applicable to it.

Without repetition of the specific language of G. L. c. 26, § 8A, it is clear that the board membership consists of the insurance commissioner, the Registrar of Motor Vehicles, and an Assistant Attorney General. The first two officials named are permitted to act vicariously. It is likewise clear that the legislative objective is to place the main responsibility for the policy and operations of the board upon the Commissioner of Insurance. The board serves in his division. The Commissioner may sit as a member of the board

for as long as, and at any time, he wishes during his term of office; he may designate in writing a representative to sit in his place; he may so designate successively an indefinite number of such representatives during his term of office; the secretary of the board may act as his representative only if designated by him. The predominance of the responsibility of the Commissioner is emphasized by the legislative prescription that he, or his designated representative, be chairman of the board.

It seems obvious that the Legislature not only intended that the designation of a representative be a strictly personal prerogative of the Commissioner, but also that it intended and expected that the designee serving at the pleasure of the Commissioner reflect, at the risk of replacement, the policies of the incumbent Commissioner in the actual workings of the board whose decisions sensitively affect large numbers of people in the Commonwealth.

With regard to the seeming conflict between the provisions of the Veterans' Tenure Act and G. L. c. 26, § 8A, we think it appropriate to paraphrase what Chief Justice Qua said on another occasion (*Howard* v. *State Bd. of Retirement,* 325 Mass. 211, 213), that "[Section 8A of c. 26] is still in the General Laws." Moreover, the original design of the statute, as we have outlined it, was impliedly reaffirmed by the Legislature in St. 1947, c. 94,[1] one year after the enactment of G. L. c. 30, § 9A. We think it is highly improbable that the Legislature intended that a veteran-designee who has served three years as a representative of a Commissioner (whose statutory term is three years, G. L. c. 26, § 6) should thereby become a permanent member and the permanent chairman of the board of appeal on motor vehicle liability policies and bonds, subject only to removal under G. L. c. 31, §§ 43 and 45, thus superseding succeeding

---

1 "The commissioner of insurance may by a writing, in such form as he may prescribe, filed in his office, designate from time to time a representative to act in his place and the registrar of motor vehicles may in like manner designate from time to time a representative to act in his place." Prior to this amendment the representative of the Registrar of Motor Vehicles was designated by the Commissioner of Public Works, from whose control the registry of motor vehicles was withdrawn by St. 1946, c. 234.

Commissioners of Insurance in the discharge of the responsibilities and duties reposed in them by G. L. c. 26, § 8A.

It is unnecessary to discuss the demurrer of the civil service commission.

*Petition dismissed.*