EDWARD H. McGRATH *vs.* MASSACHUSETTS PORT AUTHORITY. January 4, 1966. The trial judge reported the case after sustaining a demurrer to a substitute petition for a writ of mandamus. The petition sought an order which would reinstate the petitioner in his employment with the respondent following his discharge because he had refused in

1963 to accept a new assignment as Superintendent of Laurence G. Hanscom Field. The petitioner had been Commissioner of Airport Management from 1952 to February, 1959, but in 1959 the respondent authority, created by St. 1956, c. 465, as amended by St. 1958, c. 599, assumed control, operation and maintenance of the two State owned airports and supplanted him. He alleges that in February of 1959 he was "transferred to the authority," being designated "Director of Airports." He claims that because he was a veteran and had been employed by the Commonwealth for more than three years as Commissioner of Airport Management, the authority was required by G. L. c. 30, § 9A, to employ certain procedures under G. L. c. 31, § 43, in reassigning him in 1963. The demurrer was properly sustained. As commissioner, he had been subject to appointment and removal by the State Airport Management Board under G. L. c. 6, § 59B (St. 1948, c. 637, § 2, since repealed), and with broad supervisory powers was plainly an "officer" not an "employee." *Attorney Gen.* v. *Tillinghast,* 203 Mass. 539, 543–545. See *Sullivan* v. *Committee on Rules of the House of Representatives,* 331 Mass. 135, 137–140; *Simonian* v. *Boston Redevelopment Authy.* 342 Mass. 573, 582; *Cieri* v. *Commissioner of Ins.* 343 Mass. 181, 185–186. The position of commissioner was abolished by St. 1956, c. 465, as amended, and the petitioner was, in effect, replaced by the authority which assumed his duties. He thus could not lay claim to those benefits which § 22 of St. 1956, c. 465, provided for "employees" of the airport properties who had previously been under control of the State Airport Management Board. Thus, G. L. c. 30, § 9A, granted no rights to the petitioner in 1959 and it is not contended that it became applicable to him later. Therefore the petitioner in 1963 could not insist that the respondent follow certain procedures in regard to his reassignment.

*Order sustaining demurrer affirmed.*

The case was submitted on briefs.

*George A. McLaughlin* for the petitioner.

*Donald R. Grant* for the respondent.