**Linwood F. ROSS**

v.

**Stanley HANSON, Jr.**

Supreme Judicial Court of Maine.

March 29, 1967.

Richard J. Dubord, Waterville, for plaintiff.

James S. Erwin, Atty. Gen., George C. West, Deputy Atty. Gen., Jon R. Doyle, Leon V. Walker, Jr., Asst. Attys. Gen., Augusta, for defendant.

Before WILLIAMSON, C. J., and WEBBER, TAPLEY, DUFRESNE and WEATHERBEE, JJ.

WILLIAMSON, Chief Justice.

At stake is the right of the plaintiff to the office of Deputy Secretary of State. This is a complaint for declaratory judgment brought before us on report. 14 M.R. S.A. § 5951 et seq. "Uniform Declaratory Judgments Act". The case is before us by agreement of the parties for final decision. Maine Rules Civil Procedure, Rule 72(a).

The facts are not in dispute. The allegations of the complaint, admitted by the answer, read as follows:

"1. On January 11, 1965, the plaintiff was duly appointed by the Secretary of State of the State of Maine as a Deputy Secretary of State and qualified for said office.

"2. Effective September 3, 1965, the Legislature enacted Chapter 421 of the Public Laws of 1965, sections 1 and 2, which provided that the Deputy Secretary of State appointed by the Secretary of State should be subject to the Personnel Law and on said date the plaintiff was the only Deputy Secretary of State appointed by and serving under Honorable Kenneth M. Curtis, the then Secretary of State.

"3. On January 4, 1967, the Legislature duly elected Honorable Joseph T. Edgar as Secretary of State of the State of Maine.

"4. On January 6, 1967, said Joseph T. Edgar notified the plaintiff that he did not consider him to be serving any longer as Deputy Secretary of State and summarily purported to remove him from his position as such and relieved him of his duties. Following this the said Joseph T. Edgar purported to appoint the defendant as a Deputy Secretary of State in place of the plaintiff."

The issues are:

First—Was the tenure of office of the plaintiff as Deputy Secretary of State extended beyond the term of the Secretary of State who appointed him by P.L.1965, c. 421?

Second—Does the 1965 statute permit the extension of plaintiff's tenure without violating Article V, Part Third, Section 2 of the State Constitution?

We hold the plaintiff's tenure was not so extended, both within the meaning of the 1965 Act and as well on constitutional grounds.

"The records of the State shall be kept in the office of the secretary, who may appoint his deputies, for whose conduct he shall be accountable." Constitution of Maine, Article V, Part Third, Section 2.[1]

"The Secretary of State may appoint the Deputy Secretary of State subject to the Personnel Law." P.L.1965, c. 421, § 1, amending 5 M.R.S.A. § 81.

"It is the intent of the Legislature that section 1 shall in no way affect the tenure of the office of the Deputy Secretary of State who shall receive a salary not less than the salary paid to him as of the effective date of this Act." P.L.1965, c. 421, § 2.

*The statute*

■ By the words "subject to the Personnel Law" in the 1965 amendment to Section 81, the Legislature in terms placed the office of Deputy Secretary of State under civil service.

The Personnel Law (5 M.R.S.A. §§ 551–741) provides, broadly speaking, for a classified service with minimum and maximum salary rates with appointments and promotions made on merit, and with security of position through limitation of the power to dismiss, suspend or discipline except for cause. The classified service consists "of all persons holding offices and employments now existing or hereafter created in the state service. * * *" (Section 671), except those exempted by Section 711. The unclassified service (Section 711) comprises, among others, officers chosen by popular election or appointed to fill an elective office, and officers who under the Constitution or statutes are chosen by the Legislature.

The office of Deputy Secretary of State is not listed in the unclassified service and thus Section 711 is not in terms applicable. There is no suggestion, however, that the office has been included within the classified service since the enactment of the Personnel Law in P.L.1937, c. 221. We are fully satisfied that the office was first intended to be brought under the Personnel Law by Section 1 of the 1965 Act. The plaintiff makes no claim otherwise to an extended tenure.

■ Did the 1965 Act affect the tenure of the plaintiff? It is well understood that the Legislature in placing offices and classes of employees under civil service, or as we say, "subject to the Personnel Law" may bring present personnel within the protection of civil service without examination or meeting other conditions. In Nichols v. Commissioner of Public Welfare, 311 Mass. 125, 40 N.E.2d 275, 279, the Massachusetts Court said:

"It is not unusual when the civil service laws are extended to offices and employ-

1. The remaining provisions of Article V, Part Third, are:
"Section 1. The Secretary of State shall be chosen biennially at the first session of the Legislature, by joint ballot of the Senators and Representatives in convention."
"Section 3. He shall attend the Governor and Council, Senate and House of Representatives, in person or by his deputies as they shall respectively require.
"Section 4. He shall carefully keep and preserve the records of all the official acts and proceedings of the Governor and Council, Senate and House of Representatives, and, when required, lay the same before either branch of the Legislature, and perform such other duties as are enjoined by this Constitution, or shall be required by law."
The only other reference to the Deputy Secretary of State is in Article IX, Section 3, as follows:
"All commissions shall be in the name of the State, signed by the Governor, attested by the secretary or his deputy and have the seal of the State thereto affixed."
The above provisions, including Section 2, have remained without change, except from annual to biennial election of the Secretary, since the adoption of the Constitution in 1819.

ments in a city to bring those occupying such offices or engaged in such employments within the classified service without the requirement of any examinations or further action on their part. * * * A statute that confers a new tenure of office by bringing those who then occupy the office within the classified service is not violative of any provision of our Constitution."

Rohr v. Kenngott, 288 N.Y. 97, 41 N.E. 2d 905; Fornara v. Schroeder, 261 N.Y. 363, 185 N.E. 498, 499.

■ Plainly the plaintiff's tenure until the effective date of the 1965 Act did not extend beyond the term of the appointing secretary's term.

"It is the general rule of the common law apart from statute that a public officer cannot give an appointee a tenure of office beyond his own. Commonwealth v. Higgins, 4 Gray, 34, 35; Opinion of the Justices, 239 Mass. 603, 605, 133 N.E. 452." Opinion of the Justices, 275 Mass. 575, 175 N.E. 644, 646; Howard v. State Board of Retirement, 325 Mass. 211, 89 N.E.2d 758, 759.

See also 67 C.J.S. Officers § 149; 43 Am. Jur., Public Officers § 460.

■ The "intent" clause, Section 2 of the 1965 Act, is not a part of Section 1. The intention of the Legislature there expressed nevertheless affects the reach of Section 1 with respect to the plaintiff. Section 2 with its intention that "section 1 shall in no way affect the tenure of the office of the Deputy Secretary of State" is directed to the person then holding the office. No one other than the plaintiff will ever come within its scope. Section 2 is properly not included in the revised statutes annotated. See 5 M.R.S.A. § 81.

An extension of the plaintiff's tenure beyond the Secretary's term under civil service would affect the tenure in a vital respect. From a tenure limited to the official life of the appointing secretary,

the plaintiff would thereby gain the right to hold the office under Secretary after Secretary subject only to the operation of the Personnel Law.

The examples cited by the plaintiff in urging the view that this extension of tenure is precisely what the Legislature intended do not, as we read them, sustain his contention.

In 1953 the Legislature in providing for a full time chairman of the State Highway Commission said:

"Section 3. Intent. It is the intent of the legislature that this act shall in no way affect the present tenure of office of the present members of the highway commission."

The tenure of the present members was measured in terms of years and under the statute. P.L.1953, c. 398, § 3.

Again in 1953 in combining the offices of Hearing Examiner under the Administrative Code and Hearing Examiner for the Liquor Commission, in each instance it was the expressed intent "that this act shall in no way affect the present tenure of the present Hearing Officer [examiner]." P.L.1963, c. 412, §§ 24, 25.

In 1957 in establishing the probation and parole system the Legislature authorized the Director to appoint "with the approval of the Board, Probation-Parole Officers, subject to the provisions of the Personnel Law, and assign them to the established districts." P.L.1957, c. 387, § 1 (c. 27–A, § 4).

The Act also provided that "Each full-time probation or parole officer presently in office, if he desires, shall be continued in office as a Probation-Parole Officer so long as he continues to perform his duties in a manner satisfactory to the Director of Probation and Parole." Section 36. Appointed members of the present Probation-Parole Board were by the statute continued in office "until their present terms expire."

We also note in the Personnel Law as first enacted in Section 23 of P.L.1937, c. 221, the following:

> *"Status of present employees.* The employees in the personnel service of the state at the effective date of this act shall be admitted to the classified service and continue their employment upon recommendation of the personnel board and upon meeting such evidence of fitness as it may prescribe."

The Legislature in the instances of the highway commissioners, hearing examiners, and Probation-Parole Board protested the existing tenure of office. There was no extension of tenure beyond that then enjoyed. The full time probation and parole officers received a special type of tenure for the future. Their existing tenure, if any, was apparently broken.

Here the plaintiff insists the Legislature changed his existing tenure from a limited time to tenure under the Personnel Law. He asks us to read Section 2 without the negative, and as if it expressly placed him within the civil service.

To hold otherwise, says the plaintiff, in substance means that the Legislature did a useless act. The chief purpose, the argument states, was to extend the tenure of the plaintiff, with a minor purpose only to protect against reduction in salary. The argument is persuasive but not sufficient to overcome the words of the 1965 Act. If the tenure of the plaintiff was not affected, then his tenure ended with the term of the appointing secretary.

In reaching this result we have sought to ascertain and give effect to the intent of the Legislature. We have been governed by the well known and understood rules of interpretation.

> "If we consider only the letter of the statute, the plaintiff's contention would appear to be sound. But, as has been repeatedly pointed out, the strict letter does not always tell the story." Steele v.

Smalley, 141 Me. 355, 357, 44 A.2d 213, 214.

Other illustrative cases are State v. Larrabee, 156 Me. 115, 161 A.2d 855; Camp Walden v. Johnson, 156 Me. 160, 163 A.2d 356; Collins v. State, 161 Me. 445, 213 A.2d 835.

■ We cannot say that the intent was to extend tenure in face of the plain words "shall in no way affect the tenure of the office."

If indeed we interpreted the legislation otherwise and found and gave effect to an intention that the plaintiff's tenure was extended, the plaintiff would gain nothing. He would then run directly into the bar raised by the Constitution, which is the second ground of our decision.

*The Constitution*

We reach our decision on a broader base than our interpretation of the 1965 Act as it affected the plaintiff.

We hold the 1965 Act extending through the clause "subject to the Personnel Law," the tenure of the office of Deputy Secretary of State beyond the tenure of the Secretary appointing him is unconstitutional and void.

■ The office of Deputy Secretary of State is a constitutional office no less than the office of Secretary of State. We have pointed out that the office was created in 1819, and since then the Constitution has employed the words "the secretary, who may appoint his deputies." We do not mean that the Secretary must appoint a Deputy. The Constitution creates the office which the Secretary may or may not fill by one or more of "his deputies." No one other than the Secretary of State may appoint his deputy.

In the desire to give security of tenure to the Deputy Secretary of State, the Legislature sought to deprive succeeding Secretaries of the right to appoint their deputies. The right to appoint would thereafter

exist only upon a vacancy in the office arising under the Personnel Law.

■ The Legislature may create offices and provide for the manner of appointment, tenure, and the like, subject only to the restraint of the Constitution. People ex rel. Gullett v. McCullough, 254 Ill. 9, 98 N.E. 156. The principles governing the case before us were stated succinctly in an analogous situation in the Answer of the Justices to questions from the Senate in these words:

"It is, of course, well settled that legislative power is measured by limitation, not by grant, and is absolute and all-embracing except as expressly or by necessary implication restricted by the Constitution. Sawyer v. Gilmore, 109 Me. 169, 180, 83 A. 673; Opinion of Justices, 132 Me. 519, 174 A. 845; Cooley's Constitutional Limitations, 8th Ed., Vol. 1, Page 348. A prohibition by necessary implication is as effective as an express prohibition.

"We are of opinion that Article XXVII of the Amendments to the Constitution of Maine, clear and unambiguous in language, is mandatory and, by necessary implication, not only absolutely prohibits filling the office of State Treasurer by any method of selection not there prescribed, but is also a complete inhibition against the enactment of legislation to that end, even conditionally. Opinion of Justices, supra. This question is answered in the negative." Opinion of Justices, 137 Me. 350, 353, 19 A.2d 53.

In Taft v. Adams, 69 Mass. (3 Gray) 126, 130, the Court in holding that, in the words of the headnote,

"The legislature have the power to shorten the term of office of any officer, the tenure of whose office is not fixed by the constitution."

said:

\* \* \* \* \* \*

"But this forms no objection to its constitutionality. Where an office is created by law, and one not contemplated, nor its tenure declared by the constitution, but created by law solely for the public benefit, it may be regulated, limited, enlarged or terminated by law, as public exigency or policy may require. The administrative powers and duties, now held and exercised by county commissioners, have been placed under the jurisdiction of many different courts, officers and magistrates, since the adoption of the constitution, by changes of the law."

■ We are fully aware that all reasonable doubts must be resolved in favor of the constitutionality of an act of the Legislature. State v. Butler, 105 Me. 91, 73 A. 560, 24 L.R.A.,N.S., 744. This is our duty under the Constitution.

■ We cannot, however, escape the conclusion that the 1965 Act purports to change the right of the Secretary of State under the Constitution to appoint "his deputies"; and thus it violates the plain terms of the Constitution creating both offices.

We need not, and do not, consider what reasonable regulations pertaining to the office of Deputy Secretary of State may be made by the Legislature within the bounds of the Constitution. Tenure may not be extended; salary must be provided; new duties may be created by law, without of course diminishing the constitutional duties.

■ We are satisfied that the Legislature did not intend that the 1965 Act, "subject to the Personnel Law" should stand with the tenure provision invalid. We need not consider the Act piecemeal; hence the 1965 Act in toto must go.

■ It is sufficient for decision that the plaintiff's tenure as Deputy Secretary of State ended with the end of the term of the Secretary of State who appointed him. The plaintiff has no further interest in the office.

Both parties have ably presented an issue of importance to the State, no less than to themselves.

The entry will be

Remanded for entry of a declaratory judgment in accordance with this opinion and for judgment dismissing the complaint, without costs.

MARDEN, J., did not sit.