**OPINION OF THE JUSTICES of the Supreme Judicial Court Given Under the Provisions of Section 3 of Article VI of the Constitution.**

**Question Propounded by the Senate in an Order Dated January 15, 1968, Answered January 15, 1968.**

Supreme Judicial Court of Maine.

Jan. 23, 1968.

ANSWER OF THE JUSTICES

TO THE HONORABLE SENATE OF THE STATE OF MAINE:

In compliance with the provisions of Section 3 of Article VI of the Constitution of Maine, we, the undersigned Justices of the Supreme Judicial Court, have the honor to submit the following answer to the question propounded on January 15, 1968.

QUESTION (I): If L.D. 1852 is enacted by the Legislature, is it necessary that it be approved by the people before L.D. 1801 may be enacted, in view of the fact that the people in referendum repealed Article VI, Section 6, of the Constitution, and that the provision relating to judges of probate, appearing in Article V, Part 1, Section 8, has not been repealed?

■ ANSWER: We answer in the affirmative with respect to Section 1. An analogous situation was considered in Re Opinion of the Justices, 137 Me. 350, 351, 19 A.2d 53, wherein the following question was asked:

"Where the Constitution provides for the tenure of office, qualifications, and mode of election of a state officer but contains no express prohibition of legislation with regard to such tenure, qualifications or election, would it be a constitutional exercise of the legislative power to pass, concurrently with a resolve proposing an amendment to the constitution removing therefrom the provisions relative to the election, tenure of office and qualifications of such officer, an act pro-

viding a different mode of election and a different tenure of office, which act is not to become effective until and unless such resolve is adopted by the people?"

In answer to that question the Court expressed the opinion that the constitutional provision there under consideration, and to which Section 8, Part First of Article V is analogous, prevents the enactment of legislation providing for the appointment of Judges of Probate "even conditionally" until the inhibiting clause of the Constitution is repealed. In re Opinion of the Justices, 137 Me. 350, 353, 19 A.2d 53.

■ We deem it appropriate with reference to Section 2 of L.D. 1801, relating to the appointment of Registers of Probate, to state our opinion that legislation to this effect may properly be enacted without change in the Constitution.

■ With the repeal of the constitutional provision for the election of Registers of Probate (Article VI, Section 6) there remains no constitutional prohibition limiting the power of the Legislature to provide for the office of Register of Probate in such manner and on such terms as it may enact. Ross v. Hanson, (Me.) 227 A.2d 606. The office of Register of Probate does not fall within the classification of "judicial officers" who must be nominated and appointed by the Governor under Article V, Part First, Section 8 of the Constitution.

Should the Legislature see fit to provide for the appointment of Registers of Probate, we suggest that the intent of the Legislature

be made clear with respect to the effect on present incumbents.

Dated at Augusta, Maine, this sixteenth day of January, 1968.

Respectfully submitted:

ROBERT B. WILLIAMSON

DONALD W. WEBBER

WALTER M. TAPLEY, Jr.

HAROLD C. MARDEN

ARMAND A. DUFRESNE, Jr.

RANDOLPH A. WEATHERBEE