JOHN A. LETTENEY vs. COMMISSIONER OF COMMERCE
AND DEVELOPMENT & another.[1]

Suffolk.   May 4, 1970. — June 23, 1970.

Present: WILKINS, C.J., CUTTER, KIRK, SPIEGEL, & QUIRICO, JJ.

*Commonwealth*, Officers and employees.

Where it appeared in a mandamus proceeding by a veteran without
tenure holding the office of Director of the Division of Urban and In-
dustrial Renewal that in 1963 the petitioner was suspended pursuant
to G. L. c. 30, § 59, because he had been indicted for alleged mis-
conduct in such office, that St. 1964, c. 636, § 13, abolished such office
and transferred the powers and duties of the division to the Depart-
ment of Commerce and Development created by § 1 of c. 636, that
§ 15 thereof excepted "the director of urban and industrial renewal"
from the transfer of positions in the division to the department, that
in 1966 the criminal proceedings against the petitioner terminated in
acquittals, and that he was then paid his salary as director through
the date on which his office had been abolished, it was held that he
was not entitled to a position in the department or to payment of
salary after abolition of his office.

PETITION for a writ of mandamus filed in the Superior
Court on January 13, 1967.

The petitioner appealed from an order dismissing the
petition entered after hearing by *DeSaulnier, J.*

*John Linzee* (*Arnold W. Olsson* with him) for the pe-
titioner.

*Walter H. Mayo, III*, Assistant Attorney General, for
the respondents.

CUTTER, J. Letteney, a veteran (see G. L. c. 31, § 21),
held (from July 30, 1961) the position of Director of the
Division of Urban and Industrial Renewal of the State
Housing Board.   On July 12, 1963, he was suspended (see

---

[1] The Director of Civil Service.

G. L. c. 30, § 59, as amended through St. 1964, c. 528)[2] because he had been indicted for alleged offences in his official position. He was acquitted on a Suffolk County indictment on January 11, 1966. A Worcester County indictment resulted in a directed verdict of not guilty on June 29, 1966.

The position of Director of the Division of Urban and Industrial Renewal was abolished by St. 1964, c. 636, § 13.[3] The parties have agreed that the abolition of the position became effective on August 6, 1964. The powers and duties of the office were transferred, as a part of a major reorganization of certain State bodies, to the Department of Commerce and Development. See G. L. c. 23A, inserted by St. 1964, c. 636, § 1. Chapter 636, § 16, provided for the transfer of employees with tenure under G. L. c. 30, § 9A.[4] Letteney, who did not have such tenure when he was suspended, has been paid by the Commonwealth for the period July 12,

---

[2] Section 59 reads, in part, "An officer or employee of the commonwealth, or of any . . . board . . . or agency thereof . . . may, during any period such officer or employee is under indictment for misconduct in such office or employment . . . if he was appointed by some other appointing authority [than the Governor], be suspended by such authority . . . . Any person so suspended shall not receive any compensation . . . during the period of such suspension, nor shall the period of his suspension be counted in computing his sick leave or vacation benefits or seniority rights . . . . If the criminal proceedings against the person suspended are terminated without a finding or verdict of guilty on any of the charges on which he was indicted, his suspension shall be forthwith removed, and he shall receive all compensation . . . due him for the period of his suspension, and the time of his suspension shall count in determining sick leave, vacation, seniority and other rights, and shall be counted as creditable service for purposes of retirement."

[3] Section 13 reads, "The office of the director of the division of urban and industrial renewal is hereby abolished. The powers and duties formerly exercised by the division of urban and industrial renewal are transferred to the department of commerce and development established under the provisions of . . . [G. L. c. 23A] inserted by section one of this act."

[4] Section 9A (as amended through St. 1947, c. 242) reads, "A veteran, as defined in . . . [c. 31, § 21] who holds an office or position in the service of the commonwealth not classified under said chapter thirty-one, other than an elective office, an appointive office for a fixed term or an office or position under section seven of this chapter, and has held such office or position for not less than three years, shall not be involuntarily separated from such office or position except subject to and in accordance with the provisions of . . . [c. 31, §§ 43, 45] to the same extent as if said office or position were classified under said chapter. If the separation in the case of such unclassified offices or positions results from lack of work or lack of money, such a veteran shall not be separated from his office or position while similar offices or positions in the same group or grade, as defined in . . . [§ 45] exist unless all such offices or positions are held by such veterans, in which case such separation shall occur in the inverse order of their respective original appointments."

1963, through August 6, 1964, the date his former position was abolished.

On January 13, 1966, Letteney made demand on the Chairman of the Civil Service Commission and on the Commissioner of Commerce and Development for reinstatement to employment in the service of the Commonwealth. The Chairman of the Civil Service Commission denied the request on the ground that he had no jurisdiction. The Commissioner denied the request because the old position had been abolished.[5]

On January 13, 1967, Letteney brought this petition for a writ of mandamus to have his suspension removed, to be restored to employment in an office or position similar to that in which he had served (with all appurtenant rights), and to obtain payment of his salary due for the suspension period. Certain facts are stipulated. The trial judge made no findings, but ordered that the petition be dismissed.

1. It is apparent that the Legislature intentionally (see St. 1964, c. 636, § 13, fn. 3, *supra*) abolished Letteney's position,[6] and transferred (c. 636, § 15) to the new Department of Commerce and Development all positions "except [those of] the chairman and members of the state housing board [and] the director of urban and industrial renewal." This intentional legislative abolition of the position and the specific refusal in § 15 of a transfer of Letteney's position to the new department is conclusive. See *Bessette* v. *Commissioner of Pub. Works*, 348 Mass. 605, 609–610. It prevails over (a) the general provisions of c. 636, § 16, transferring persons with tenure (who, we think, do not include persons

---

[5] Somewhat similar demands on the Commissioner on January 3, 1967, and on the Civil Service Commission on February 21, 1967, were also denied.

[6] We need not decide one issue raised as a defence. Letteney was appointed by the chairman of the State Housing Board, who held office for a fixed term of five years. See G. L. c. 6, § 64 (as amended by St. 1960, c. 776, § 11, and later through St. 1963, c. 801, §§ 7, 8; repealed by St. 1964, c. 636, § 1B), and G. L. c. 121, § 22B (inserted by St. 1960, c. 776, § 1; also repealed in 1964). Under § 22B as thus amended, such appointees of the chairman of the State Housing Board were not to be subject to G. L. c. 31. The respondents contend that the board's chairman could not give Letteney an appointment extending beyond his own five year term which expired by lapse of time on January 7, 1965. See *Cieri* v. *Commissioner of Ins.* 343 Mass. 181, 183–187.

holding positions abolished by c. 636 and expressly not transferred under § 15), and (b) any provisions of G. L. c. 30, § 9A.[7] If he had not been suspended, Letteney would have ceased to be entitled to compensation when his position was abolished. Upon his acquittals, any right to compensation for the period of his suspension (arising under G. L. c. 30, § 59, see fn. 2, *supra*) must be limited to the period during which there was a position which he could have occupied, if there had been no suspension.

2. It is unnecessary to consider other questions argued.

*Order for judgment affirmed.*

---

[7] The final sentence of § 9A (see fn. 4, *supra*) has no application except where a "separation . . . results from lack of work or . . . money," which was not the situation in Letteney's case.